The-opinion of the Court was delivered by
Parsons, C. J.
The defendant files his exception to an order of the judge, made in the course of the trial, granting the plaintiffs leave to amend their declaration without the payment of costs.
The former part of the fifth section of the act authorizing exceptions, provides that any party, aggrieved at any opinion, direction, or judgment of the justice, in any action or process, may allege exceptions to the same, at the term of the said Court when such opinion, direction, or judgment, shall be given. By the latter part of the same section, power is given to the Court to enter judgment when it shall appear that any exceptions made in or after the trial, are immaterial, or intended for delay. Taking the whole section together, it is manifest that exceptions may be made for causes arising during the trial, or from the rendition of judgment; and not for causes arising from any order of the Court, made in a [ * 210 ] * cause preparatory for trial. An order for amending a declaration, although it may happen to be moved for during the trial, yet, as it may be made at any time before the trial, is not a cause for filing exceptions. It is like a rule for bringing money into Court, or to plead double. And if the rules for granting amendments are made absolutely against law, and the adverse party is entitled to relief, it must be obtained by writ of error. Judgment, therefore, must be entered according to the verdict.
Although the legality of granting the amendment without costs is not now before the Court, it may not be improper to observe, on this subject, that at the common law very few amendments are authorized, and those when there was something in some part of the record by which to amend. The authority of this Court to order amendments is derived from statutes. The statute of 1782, c. 9 <§, 4, empowers the Court to make rules respecting modes of trial, *181 and the conduct of business, at their discretion, so that the same be not repugnant to law. Amendments may therefore be the subject of the general rules of the Court. By the statute of 1784, c. 28, <§> 14, a general power is given to the Court to order amendments on motion, without limiting the discretion of the Court, as to the nature of the amendment, or the terms on which it may be ordered. The Court heretofore have considered that an amendment by which the plea was changed, as to alter a plea of the case to a plea of debt or trespass, was not within their discretion; for then it would be a different action. So in a writ of entry, to alter the writ and declaration, to make it a writ of right, has been refused. So to file a new declaration for a new cause of action, not contained in any of the original counts, has been refused. But all amendments of declarations consistent with the nature of those originally made, and for the same cause of action, are within the statutes.
Bliss, fat the demandant.
This discretion of granting amendments may be limited as to the time and the terms by rule of Court, which is a law, until it be rescinded or altered. The rule on this subject was made at Concord term, 1780. Under this rule, the plaintiff may, in all cases, except after joinder in demurrer, amend his writ and declaration, on paying costs, or agreeing to a continuance, at the defendant’s election. In these cases the * plaintiff has [*211 ] now a right to amend, as of course upon those terms, and the discretion of the Court is so far limited, that the amendment ought not to be denied. But the Court may, notwithstanding, grant amendments in the same or in other cases, and upon other terms, according to its discretion, until it shall be further limited by some new rule.
The discretion of the Court in ordering amendments, may be exercised as fully when the Court is holden before one justice, as when it is holden before three or more justices; and the exercise of this discretion improperly, in a case within it, is not more subject to the correction of the Court at a subsequent term, when holden by one justice, than when by three or more justices.
Whether it can be corrected, or the party aggrieved be relieved on error, cannot be regularly determined, until the question is before us by writ of error, if the party should be advised to sue out such writ.