Parker C. J.
It is admitted by the pleadings, that when the writ in this case was served, it contained no count or declaration, nor any cause of action whatever; and the question for us to decide is, whether at that time it wras a legal and sufficient process, which could authorize the officer to attach the property or arrest the body of the defendant; and we are clear that it was not; and that it was not capable of being made effective by any subsequent insertion of a count, without consent of the party upon whom it was served, nor even with his consent, to the prejudice of any subsequently attaching creditors who should be able to make it appear that it.was void at the time of the attachment. The forms of our writs, as established by statute, are mere skeletons, without any sense, until filled up by a description of the parties and of the demand intended to be prosecuted ; and the latter can only be done by inserting some count descriptive of the nature of the demand. The form in the statute is- the same for almost all sorts of actions, real and personal, and a mere blank under the seal of the court and signed by the clerk thereof, has no more force than a blank deed or other instrument. The declaration, with us, is a part, and a necessary part of the writ; and therefore a plea in abatement may conclude with a prayer of judgment of *451 the writ, although the fault is not in that part which is given in the statute, but in the declaration. Ilsley v. Stubbs, 5 Mass. R. 280. It is intended by our statute, that the party whose goods are attached, or whose body is arrested, should, at the time when he is exposed to this inconvenience, have notice of the demand made upon him ; and this shall never be less than fourteen days before the,return day of the writ; and the practice under the statute has superseded the filing of declarations according to the English practice, for which time is allowed after the day of appearance of the defendant. And there is a substantial reason for the difference, for the tapias in England, according to the present practice, amounts to nothing more than a summons, and as there is neither arrest of the person nor attachment of property, in ordinary cases, it is not necessary that the defendant should know what he has to answer, until he shall be in court; but it would not only be mischievous to the party sued, but would open a door to collusion, to suffer attachments to he made without any cause of action set forth in the writ, and therefore it has never been allowed in practice with us. Even in England special bail cannot be required beyond £40, although a debt is sworn to, unless the true cause of action is set forth in the writ; 3 Bl. Com. 287 ; and as by our law an arrest can be made, or property attached, upon the mere declaration of the plaintiff, without any oath, there is greater reason for requiring that the nature of ihe demand should be stated.
The writ, when served, must be returned into the court by the officer who makes the service ; neither he, nor the attorney who gave it to him, can alter or add to it. If a writ containing no count, nor any cause of action, should be so returned, and the defendant should not appear, no judgment can be rendered ; for the court in such case are to take the declaration for- true, and render judgment according to it; but in such case they have nothing to proceeo upon, and the writ must therefore be a nullity. But suppose the defendant, in such case, should appear, and the plaintiff should move to file a count by way of amendment, the difficulty then would be, that there is nothing to amend ; *452 filing a count would be making a new writ, which does not come within the rule of amendments; which is founded upon a sufficient cause of action defectively set forth, or upon a change in the form of declaring for the same cause of action. Amendments must be consistent with the nature of the count or counts originally made, and for the same cause of action. Haynes v. Morgan, 3 Mass. R. 208 ; Phillips v. Bridge, 11 Mass. R. 246. This supposes a subsisting declaration when the motion to amend is made, and necessarily precludes the filing of a count by way of amendment to a writ which has no count. This rule has always been strictly enforced from regard to the rights of the defendant, of his bail, and of his other creditors where his property has been attached. Willis v. Crooker, 1 Pick. 204.[1]
It is said in argument, that it has been the practice at the bar to put any general count into the writ, and afterwards, either by leave of court, or by consent, to add other counts more particularly stating the cause of action. As far as this can be done consistently with the rule above stated, and which indeed has been formally promulgated among the Rules oí Court last adopted, (16 Mass. R. 373,) there can be no objection ; and we know of no practice beyond this which has been sanctioned.
The writ must abate.

 See Vancleef v. Therasson, 3 Pick. 12 ; Ball v. Claflin, 5 Pick. 303 ; Miller v. Clark, 8 Pick. 412.

 See Brown v. Seymour, 1 Pick. 32 ; Rathbone v. Rathbone, 4 Pick. 89, and 5 Pick. 221 ; Fairfield v. Baldwin, 12 Pick. 388.