## STEPHEN BALL *versus* WALTER CLAFLIN.

A new count, filed under leave to amend, must be of the like kind of action with an original count and such as might have been joined with it, and subject to the like plea; and the subject matter of it must be the same as that of the original count, and not an additional claim.

Thus, where the original count was *indebitatus assumpsit* for goods sold and delivered and a bill of particulars was filed, and afterwards two new counts were filed charging the defendant with having received merchandise as bailiff or factor, and no evidence was offered in support of these counts, of any other merchandise being received than that contained in the bill of particulars, a verdict for the plaintiff upon the new counts was sustained.

Such an amendment, being only a variation in the *form* of declaring, will not discharge bail nor give a priority to a subsequent attaching creditor.

THE original count in the writ alleged that the defendant " on, &c., being indebted to the said Stephen and Lewis (the plaintiff being surviving partner of a company composed of himself and one Lewis Eager deceased) in the sum of two thousand dollars, for goods, wares and merchandise before that time sold and delivered to him by said Stephen and Lewis, at his request, and for so much money before that time had and received," &c.

304      A bill of particulars was filed at the Court of Common

---

Pleas, comprehending all the items and charges of which evidence was offered on the trial of the action in this Court at the last April term.

At that term, under leave to amend before obtained, the plaintiff filed two new counts charging the defendant with having received merchandise and promissory notes from the company as bailiff or factor, and with not having rendered an account thereof. No evidence was offered in support of these counts, of any other merchandise being received than that contained in the bill of particulars ; and no evidence was offered, nor claim made, on account of any promissory note.

A verdict was found for the plaintiff; and the defendant moved for a new trial, on the ground that the two special counts filed under the leave to amend are for a different cause of action from that which is stated in the original count.

*Oct. 2d.*

*Davis* and *Allen*, in support of the motion, cited *St.* 1784, c. 28, § 14 ; *Haynes* v. *Morgan*, 3 Mass. R. 208 ; 9th rule of court, 16 Mass. R. 373 ; 1 Comyn on Contr. 261 ; *Mason* v. *Waite*, 1 Pick. 452 ; *Vancleef* v. *Therasson*, 3 Pick. 12.

*Newton* and *Denny*, contrà, cited *Haynes* v. *Morgan*, *ubi supra* ; *Phillips* v. *Bridge*, 11 Mass. R. 246 ; *Greenwood* v. *Curtis*, 4 Mass. R. 93 ; *Cumings* v. *Rawson*, 7 Mass. R. 440 ; *Leighton* v. *Leighton*, 1 Mass. R. 433.

*April term*
1828.

PARKER C. J. delivered the opinion of the Court. The only question in the case is, whether the counts filed at the trial were receivable within the rule respecting amendments, that is, whether they related to the same cause of action and are consistent with the former counts ; for this is the only limitation of the right to amend, as defined in the case of *Haynes et ux.* v. *Morgan*, 3 Mass. R. 208, and the 9th rule of practice as adopted by the Court at March term 1820.

The rule is simple and clear, and yet it has been found difficult of application ; so that questions relating to amendments are constantly springing up in various parts of the commonwealth. The new count offered under leave to amend must be consistent with the former count or counts, that is,

it must be of the like kind of action, subject to the same plea, and such as might have been originally joined with the others. It must be for the same cause of action, that is, the subject matter of the new count must be the same as of the old ; it must not be for an additional claim or demand, but only a variation of the form of demanding the same thing. Amendments made conformably to the rule thus explained can do no injury to any one. Neither the defendant nor his bail, nor subsequent attaching creditors, have ground of complaint, when their liability is in no degree changed or affected, except merely in regard to want of form, which our statute of jeofails is made to cure and guard against.

Some of the cases cited have been thought to exh'bit a harsh application of the rule, as where an action of *indebitatus assumpsit* for goods sold was brought, and the plaintiff was not allowed to file a count on a promissory note alleged to have been made on settlement and as payment of the account ; but *it is plain the cause of action was different*, though the amount of money demanded might be the same. A subsequent attaching creditor or bail might rely upon its appearing on trial that the account had been settled and paid, and ought not to be surprised with a new count upon a promissory note, which of itself extinguished the old cause of action and created a new one. This was the Hampshire case cited in 3 Pick. 14, but not reported. So where the count is on an implied promise to indemnify, a new count on a special promise to indemnify in a particular way, is for a new cause of action, as in the case of *Little* v. *Little*, cited in 3 Pick. 13. It is recollected too, that in this last case, under the general count no right of action had accrued when the suit was brought, no damage having happened at that time ; whereas on the special contract, according to the terms of it, an action immediately lay, so that the second attachment, which was good undei the writ as at first issued, was entirely defeated by the new count. The case of *Willis* v. *Crooker*, 1 Pick. 204, and that of *Vancleef* v. *Therasson et al.* 3 Pick. 12, [2d edit. 14, n. 1,] are of a similar character.

The case before us does not present the mischief intended to be guarded against in either of those cases. Certain goods

and merchandise are the subject of the first count, and they are charged as sold and delivered. The same goods are the subject of the two new counts, and the defendant is charged with having received them to sell, and not having accounted for them. In these counts the damages sought to be recovered are the price or value of the goods.

But it is said, that on the *indebitatus assumpsit* as for goods sold the plaintiff could not have prevailed, so that a second attachment would come in. We do not understand that it is the right of third parties, either creditors or bail, to avail themselves of a mere defect in the form of declaring. If it were so, no amendments could be allowed, and the rule would be nugatory. It is to cure defects of form that the statute and the rule were made. And where the plaintiff has the right to the value or the price of goods, which have come to the hands of the defendant in such manner as that he is accountable on implied or express contract for the value or the price, the form of the action is wholly unimportant to third persons, although they may be eventually interested in the suit. There is but one contract, one cause of action, one single subject matter of the suit. The plaintiff has mistaken the manner of declaring for it. This is the very case where by virtue of the statute and the rule he is entitled to amend.[1]

<em>Judgment according to verdict.</em>

---

[1] See Revised Stat *c.* 100, § 22; 4th Rule of Supreme Jud. Court of 1826. *Bishop* v. *Williamson,* 2 Fairfield, 500 to 503.