## Asa Guilford, Petitioner &c. *versus* Francis Adams, Junior.

If a complaint filed before a justice of the peace against a private in tne militia does not specify the offence for which it is filed, it is insufficient; and it is not amendable, the discretionary authority of the justice in regard to amendments, not extending to such a case.

Petition for a *certiorari*. It appeared that a complaint was filed before a justice of the peace, by the respondent, who

was the clerk of a militia company, against several members
of the company, specifying their offences against their res-
pective names; that the name of the petitioner was among
the number, but no such specification was made against his
name; that, at the trial, the respondent moved for leave to
amend, the complaint in this particular, by inserting against the
name of the petitioner, the charge of unnecessarily neglecting
to appear at a meeting of the company, together with the for-
feiture incurred, and that leave was granted by the magistrate,
and the petitioner was adjudged to be guilty of the offence
charged.

*Guilford*
*v.*
*Adams.*

*Barton*, for the petitioner, cited *Haynes v. Morgan*, 3
Mass. R. 210.

*Washburn*, for the respondent.

*Oct. 6th.*

DEWEY J. The petitioner alleges several errors in the
proceedings against him on the complaint of the respondent.
Our inquiry has been particularly directed to the two following
questions : 1. Was there a sufficient complaint against Guil-
ford originally filed before the justice ? 2. Had the justice
the authority to allow an amendment setting forth a specific
offence and forfeiture, when no offence or forfeiture was stat-
ed in the original complaint ?

*Oct. 9th*

The Revised Stat. *c.* 12, § 112, require that the clerk of
each company shall, after twenty days and within forty days
after any parade, make and subscribe an information against any
offending non-commissioned officers or privates, which shall be
in substance agreeable to a form prescribed by the statute. In
the form thus given are required to be set forth at large, in ap-
propriate columns, the names of the persons, their offences,
and the sums they have severally forfeited.

The complaint filed by the respondent contained the name
of the petitioner, but no specification of any offence, or sum
forfeited by him. It is very obvious, that, in its original form,
it was insufficient to authorize an adjudication against the pres-
ent petitioner, and it seems to have been so considered by the
counsel for the respondent. If valid at all, it becomes so by
the amendment allowed by the justice ; and this renders it
necessary for us to consider the question of the authority of
the justice to allow that amendment.

The Revised Stat. c. 12, § 112, provides that it shall be lawful to amend the complaint in any stage of the proceedings. Under this provision, the respondent insists that the amendment was properly allowed ; and in support of this position, it is urged, that the statute having conferred this discretionary power upon the justice, his exercise of this power is not subject to revisal by a superior tribunal. This would doubtless be correct, where there had been an exercise of discretion unwisely, but in a case clearly within his discretion. But the general question as to what cases are within the discretionary power of the justice, and to what extent he may order amendments, is clearly under the supervision of this Court. If it were not so, under color of the power to order amendments, a justice might assume the power to create a cause of action.

The subject matter is therefore fully within our supervision ; and it becomes our duty to consider the proceedings before the justice as to the amendment allowed by him. The extent of the power conferred by this statute as to amendments, may be well inferred from analogy to the power vested in the higher courts, to order amendments, as well at common law, as under the provisions of our statutes, and which is supposed to be as extensive as the authority given to justices by Revised Stat. c. 12, § 112, before cited.

The power of the higher courts on this subject, has always been held to be a limited power, not allowing an amendment changing the nature of the action, as debt to trespass, or allowing a party to file a new declaration for a new cause of action not contained in the original count. *Haynes* v. *Morgan*, 3 Mass. R. 208.

The present case is perhaps better illustrated by the case of *Brigham* v. *Este*, 2 Pick. 420, where the plaintiff sued out his writ with all the other requisite appendages in due form, but without any declaration. The Court held, that no amendment could be allowed in such a case. The same doctrine was also held in the case of *Brown* v. *Seymour*, 1 Pick. 32. These cases are extremely analogous in principle to the case under consideration. The same defect *substantially exists here* ; there is an entire omission of any specification of the subject matter charged upon the petitioner ; there are proper parties,

*proper time and place of hearing, but no cause of complaint set forth. The proposed amendment would create a cause of action where none existed anterior to the amendment. This is at variance with well settled principles.

*Certiorari issued.*