## PILLSBURY *v.* SPRINGFIELD.

In an action of debt on a judgment of the court of common pleas for the county of M. rendered at the March term, the plaintiff can not amend so as 'to declare on a judgment of the court of common pleas for the county of S. rendered at the April term; the causes of action being essentially different.

The report of road commissioners for two counties acting as a joint board, is ineffectual to give an action to a land-owner for damages awarded, until such report is accepted by the court for the county in which the land lies.

Such acceptance is a judicial act, which can be done only in term.

DEBT. Josiah Leavitt and others had made a petition for a road commencing in Springfield in the county of Sullivan, extending through Croydon and Wendell in that county, and through New-London and ending in Newbury in the county of Merrimack. The petition was entered at the court of common pleas in and for the county of Merrimack, and at the March term of that court in 1842, referred to the road commissioners of that county and to the road commissioners of the county of Sullivan, who after examining the route made their report to the court of common pleas for the county of Merrimack, September term 1842, and to the court of common pleas for the county of Sullivan, October term 1842.

The report returned to the Merrimack court, was at the instance of the land-holders in New-London recommitted; and the commissioners after a reconsideration joined in another report of their doings, " to the court of common pleas for the county of Merrimack, March term 1843, and to the court of common pleas for the county of Sullivan, April term 1843."

At the March term in Merrimack, the petitioners moved the acceptance of the report which was in that court; and after consideration of the objections of the land-holders, it was accepted.

No portion of the road laid out has been made; and

the towns of New-London and Newbury have each peti-
tioned the court in the county of Merrimack for leave to
discontinue; and their petitions have been referred to the
road commissioners of that county.

The several land-holders over whose land the road has
been laid out in that county, commenced actions for the
recovery of the damages awarded to them against the
towns of New-London and Newbury, and entered them
at the March term of the court of common pleas in that
county in 1844.

The plaintiff, who owns land in the town of Springfield
in the county of Sullivan, has commenced this action to
recover damages awarded to him by the report of the
commissioners against that town. This action was en-
tered at the court of common pleas at the April term
1844, at which term he submitted a motion to amend his
declaration, "by striking out so much of each count as
alleges the judgments declared on to have been recovered
by the consideration of the justices of the court of com-
mon pleas in the county of Merrimack, holden at Con-
cord within and for said county on the third Tuesday of
March 1843, and inserting instead thereof, allegations
that said several judgments were recovered by the consid-
eration of the justices of the court of common pleas for
said county of Sullivan within and for said county, on
the third Tuesday of April 1843."

The court granted the motion.

There has been no action in the court of common pleas
in the county of Sullivan upon the reports of the commis-
sioners, and no acceptance of either of them, except that
they have been placed upon file, and at the April term of
that court in 1844 the counsel for the petitioners and for
the plaintiff made the following motion:

" C. C. Pleas Sullivan county April term 1844. It is
moved by H. Hubbard, that the report made to this court
on the petition of Josiah Leavitt and others for a road,

partly in Merrimack and partly in Sullivan county, at the October term 1842, and placed on the files of this court, may now be made a matter of record, and that the judgment of the court accepting the report at the March term 1843, in and for the county of Merrimack, may be recorded in this county as of the April term 1843.

Henry Hubbard."

And at the October term of that court in 1844, the same counsel moved that the following order, which was sent to the clerk during that term, be made upon the record:

"Sullivan C. C. Pleas April term 1844. Petition of Josiah Leavitt and others for a road commencing in Springfield in this county, and extending through the towns of Croydon and Wendell in this county, and through the town of New-London and ending in Newbury in the county of Merrimack.

In this case, upon motion of the counsel for the petitioners it is ordered, that the report of the commissioners laying out the road upon which judgment accepting the report was rendered by the court of common pleas for the county of Merrimack at the March term 1843, be entered of record in this court, and that judgment upon said report be rendered as of the April term 1843, of the court of common pleas for this county.

J. J. Gilchrist."

The counsel for the defendant the town of Springfield contended:

1. That the report returned to the court of common pleas in Merrimack county 1843, or any action or acceptance of the same as then and there had, can not be taken and held as evidence of the laying out of said road in and for the county of Sullivan.

2. That the aforesaid motion of the said petitioners and plaintiffs, and the proposed order of court thereon, can not be legally granted or become a matter of record in said Sullivan county, or a judgment be rendered upon.

said report at this time as of the April term 1843 of the court of common pleas for this county, as proposed, for the purpose of being used in evidence, or in- any other way affecting the interests or rights of the several persons interested in said Sullivan county, and thus to bar their right to appear and object to the acceptance of said report.

3. That the proposed amendments in the plaintiff's declaration are not such as can be legally granted by the court, because at the time said action was commenced there was no judgment upon which said action could be maintained, and no such judgment exists as by the plaintiff's proposed amendment is averred; and because the court have no power to enter a judgment upon the report without giving the land-holders and others interested an opportunity to be heard thereon, and thereby to lay the foundation of an action which at the time of its commencement had no foundation.

The parties having agreed to the foregoing statement of facts, the questions arising thereon were transferred to this court.

*Metcalf*, for the defendant. The main question is whether the court can in October 1844, as of April term 1844, accept of a report as of April term 1843, so as to furnish evidence of a cause of action that did not previously in any form or manner exist. We do not deny but they may order an act done *nunc pro tunc*, but they never can legally do it so as to interfere with or affect the rights of parties or third persons. Prior to April 7, 1843, there was no acceptance of this report in any way, express or implied, in truth or fiction; there was no such judgment and they do not so declare; but they rely on the judgment in Merrimack. Ascertaining however that they were a little lame here, they make these motions to produce the novel effect of giving them a foundation to support an old action, not on which to bring a new one.

Pillsbury v. Springfield.

The reports are to be made to the courts in the two counties, "and such reports being accepted," the highway is established. The case finds that there had been no acceptance of the report in this county when this suit was commenced, and therefore no highway, no indebtedness of Springfield, and no cause of action, existing.

The manner in which the order of acceptance appears on the record is somewhat surprising to the defendant. These various motions were made April term 1844. The leave to amend was granted, but the other motion was *not* granted by the court. At the October term another judge refuses the motion, and then a secret messenger is sent off on express, who returns with the order directed to the clerk. This is not the order of any court, it is the order of one member of it only made out of the term; and on this fiction it is designed to maintain suits for damages and indictments against the town on account of a highway which had no existence on earth. Springfield always has been and still is ready to pay all damages assessed, and build the road as soon as it is legally established; but we think it rather hard to be mulcted in fines, damages, and costs, when there has been neither a moral or legal fault of ours. It would be a refinement on the practice in the court of Rhadamanthus.

The acceptance of the report in Merrimack can not have the force of, and should have no influence on, the acceptance in Sullivan. Good and substantial reasons may exist for rejection in this county, that did not in another. Such we say is the fact, a fact well known to the petitioners. A report may be accepted in part and rejected in part. 10 N. H. 369.

It can not be that it is an adjudicated matter because one report has been accepted in Merrimack. If so, why does the statute require the acceptance in both counties? It is useless to repeat the language of the statute to the court, but nothing in my opinion can be plainer than that

action on the reports is required in each county. The legislature doubtless thought they went far enough when they gave one county court jurisdiction over the original petition so far as to call out the joint board. The county of Merrimack could not accept for Sullivan. The reasons for this are so obvious that I will not trouble the court to repeat them.

We are not aware that a court of law or equity was ever before called upon to manufacture testimony to support an action. If a fact exists, they may go far to elicit, but we never knew a court asked to make facts for such a purpose. They are here asked to manufacture a record, not of a fact that existed but not recorded, but to make up a record of a fact that did not exist, in order to enable a plaintiff to sustain a suit prematurely commenced. The truth is, some body was in a little too much hurry to finger the gold awarded him when the road should be established; he could not abide his time.

We therefore say,

1. The amendment asked for ought not to have been granted.

2. The report of the commissioners accepted in Merrimack can have no effect to establish the highway in this county, till accepted here.

3. The court in this county could not at the April term 1844 accept the report as of April term 1843, so as to make it admissible evidence to sustain a suit commenced before April term 1844, or in any way to affect any rights or any defence the defendant had before the report was thus accepted.

4. That the judge erred in accepting the report in any way, without giving the defendants a hearing in court where they could make their objection to its acceptance.

*Hubbard,* for the plaintiff.

WOODS, J. The plaintiff having declared upon a judgment of the court of common pleas for the county of Merrimack, rendered at the March term of that court in 1843, obtained leave to amend his declaration by substituting for that judgment, a judgment of the court of common pleas for the county of Sullivan rendered at a term of that court holden in April 1843. The parties to the judgment declared on are the same with the parties to the judgment proposed to be substituted by the amendment; and the sum for which the two judgments are described as having been rendered, is the same sum. The question is whether such an amendment is admissible within the rules of practice in such cases.

In *Stevenson* v. *Mudgett*, 10 N. H. 340, the court say, that " an amendment is not admissible which is inconsistent with the nature of the declaration, or which changes the cause of action. This is the rule laid down in *Butterfield* v. *Harvell*, 3 N. H. 201, and which has since been recognized as the true principle." The same principle has been adopted as a guide elsewhere. *Ebersoll* v. *King*, 5 Binney 52 ; *Eaton* v. *Ogier*, 2 Greenl. 46 ; *Haynes* v. *Morgan*, 3 Mass. 208.

But while courts have endeavored to adhere to that rule, there has been an acknowledged difficulty in making a satisfactory application of it, since, as is remarked in *Stevenson* v. *Mudgett*, referred to, " almost all amendments change to some extent the cause of action as originally stated."

For example, it has been held in Massachusetts that in an action for goods sold and delivered, the plaintiff could not amend by adding a count upon the note given for the price. *Vancleef* v. *Therasson*, 3 Pick. 12. But we have held that in an action upon a note, the plaintiff might amend by adding a count for the goods sold for which the note had been given. *Burnham* v. *Spooner*, 10 N. H. 165. In one of these cases, two causes of action were supposed

to be set forth in the different counts, while in the other case, the two counts were held to be but different forms of stating the same cause of action.

In *Moore* v. *Ross*, 7 N. H. 528, the declaration was on an account annexed for work and labor, and rye and wheat furnished for seed. The amended count was admitted, by which the plaintiff declared specially, that in consideration that he had permitted the defendant to take and appropriate to his own use a crop of rye, &c., the defendant promised to pay so much as it was worth. S. C. 11 N. H. 547.

In *Elliott* v. *Abbott*, 12 N. H. 549, the declaration was on a note made by the defendant payable to a third party and indorsed. An amendment was permitted counting upon a note payable to the plaintiff. These cases are put to illustrate in some degree the latitude to which the court has gone in the application of the rule. And many others might be cited to the same purpose.

The principle which governs them all is, that if the plaintiff has misstated his cause of action, so that his evidence will not support his count, he may restate the same, if in so doing he does not abandon the material and meritorious cause embraced in his original count. But the record itself must furnish evidence that the two counts are for the same thing, and that the debt, duty, or gravamen, stated in the first, is identical with that which is the subject of the amended count. That the same thing was aimed at in both. Therefore where the person who drew the declaration by mistake described the wrong note, the plaintiff can not add a count upon the one that should have been declared on, but for the error of the attorney or scrivener. *F. & M. Bank* v. *Israel*, 6 S. & R. 294.

In the present case the declaration is upon a judgment. The only general plea is *nul tiel record*, and that puts in issue the verity of the record itself, and no evidence but that is admitted. The parties are estopped by it, and can

Pillsbury *v.* Springfield.

go into no inquiry as to the cause of action on which the judgment is founded, nor into the facts which gave it inception. These do not in any sense form the ground upon which an action on the judgment is based. When an action is commenced upon a judgment, the judgment is the cause of action, and nothing else is. It is necessary upon the plea which raises the question of the existence of the judgment, simply to inquire whether that which is described by the writ is proved by the record produced. If so, the cause of action is proved; if not, it fails.

In the present case the declaration describes a judgment of the court of common pleas for the county of Merrimack, rendered at the March term in 1843. The amendment describes a judgment of the court of common pleas for the county of Sullivan, rendered at the April term 1843. It is perfectly plain that the two counts do not describe the same judgment, nor is there any ground for maintaining that the first was a mere misdescription of the judgment correctly described in the second.

It is nothing to the purpose that an attempt was made to set out in the original count a judgment founded upon the same merits with those which laid the ground for the judgment described in the amendment; for these do not constitute the cause of action, and can not be inquired into in an action upon the judgment. The record does not afford any ground for presuming that the intention of the plaintiff was to declare upon a judgment of the court for Sullivan county rendered at the April term. He described a judgment of another court.

The amendment can not therefore, in accordance with the rule which has always prevailed, be justified.

But there is another insuperable impediment to the maintenance of the action. It is for the recovery of damages awarded by the joint board of road commissioners for the counties of Merrimack and Sullivan, for land of the plaintiff taken for a highway. The powers of the

commissioners and the legal effect of their proceedings are defined in chap. 506 of the laws of November session 1840, which provides that their report, when accepted by the court of common pleas, shall be of the same force and validity for the county in which it is made, with a report so made by a committee of the court and accepted. The joint board shall make a report of their doings in each county to the court of common pleas for such county, &c.

It is perfectly plain that all the force and validity of the report of the road commissioners are dependent upon the event of its being accepted by the court; and that they are derived from the act of the court. This acceptance is a judicial act. A motion for that purpose is open to contestation, and may be defeated by various causes. Irregularities in the proceedings of the commissioners, the want of sufficient notice to the towns or either of them, might be shown to afford occasion to recommit the report or to set it wholly aside. The laying out of the road is the act of the court; and the parties have an undoubted right to be heard on the question arising upon the return of the commissioners' report.

When the plaintiff's action was commenced, therefore, the report not having been accepted by the court, no road had been laid out and established, and no right had accrued to him to recover the damages allowed by the road commissioners.

Whether this is one of those cases in which the court to save the rights of parties, would order a judgment to be entered as of a preceding term, upon a hearing of the parties, and on being satisfied that a judgment ought to be rendered, it is not necessary to decide. The plaintiff commenced his action before any rights to the thing claimed had been established; and it is not apparent that he might not secure all that justly belongs to him by commencing his action hereafter, and when his cause of action shall have so far matured, as not to require the

extraordinary interposition of the court in entering the judgment as of a preceding term.

But such a course has not been pursued. On the contrary the parties have relied upon an order of a judge out of term, as authority to the clerk to enter the judgment. If the entry of such a judgment were a mere matter of form, this might be sufficient; or the clerk might proceed without such an order, and the apprehension has been that such was the nature of the exigency.

But it has been sufficiently shown that a judgment or decree of the court of common pleas accepting a report of the road commissioners, is not of that nature. It is a strictly judicial act. A motion for the purpose is open to contestation, and the parties have the right to be heard. It is therefore an act that can be done only by the court; and there is no court of common law with judicial power except in term.

*Judgment for the defendant.*