Davis *v.* Hill.

*Exceptions overruled.*

## DAVIS *v.* HILL.

The want of a sufficient railing, barrier, and protection, to prevent travellers passing upon a highway from running into some dangerous excavation or pond, or against a wall, stones, or other dangerous obstruction, without its limits, but in the general direction of the travel thereon, may properly be alleged as a defect in the highway itself.

To a writ alleging damage to have been sustained by reason of the defects in a highway in a particular locality, an amendment, charging the damage to have resulted from the want of a railing or other barrier to protect travellers from dangerous obstructions just without the limits of the highway at the same locality, is admissible.

---

Davis *v.* Hill.

---

CASE, for damages resulting from a defect in a highway. The original writ contained but one count, a copy of which makes part of the case.

During the trial upon the general issue, after a part of the defendants' evidence had been put in, the plaintiff was allowed to amend, subject to the defendants' exception, by adding a second count, a copy of which makes a part of the case. The defendants demurred to the second count; the court overruled the demurrer, and the defendants excepted.

A verdict being returned for the defendants upon the first count, the defendants moved for judgment thereon. Thereupon, the questions of law arising upon the allowing of the amendment, the overruling of the demurrer, and the motion for judgment on the verdict, were reserved for the determination of the whole court.

### DECLARATION.

"In a plea of trespass on the case, for that at Hill aforesaid, January 13, 1858, there was, and for a long time had been, a public and common highway leading from a point near Wells' sawmill, so called, to the intersection of said highway with another highway leading from Franklin, in said county of Merrimack, to Bristol, in said county of Grafton, near the dwelling-house of Carr Huse, in said Hill; and the plaintiff avers that the said town of Hill, during all the said time, was and still is bound and liable by law to maintain and keep in good and sufficient repair the said first mentioned highway, suitable for the travel passing thereon, so that all persons might and may pass and repass safely thereon, by and with themselves, their horses and carriages; and the plaintiff further avers, that at said Hill, on said January 13, the said first mentioned highway was not in good and sufficient repair, and that the said town of Hill, well knowing the premises, at Hill aforesaid, on said last mentioned day, suffered and permit-

Davis v. Hill.

ted said first mentioned highway to be, and the same was then and there narrow, sloping, rounding, sidling, rocky, uneven, and incumbered with ice, unsafe, and dangerous to pass; and the plaintiff avers that on said January 13, at said Hill, the servant of the plaintiff was driving and travelling in a lawful, careful, and prudent manner, over and upon said highway first mentioned, with the plaintiff's horse and sleigh, the said plaintiff's said servant being in said sleigh and being drawn by said horse, the whole weight of the load upon said sleigh, exclusive of said sleigh, being less than three tons, to wit, of the weight of three hundred pounds, and no more ; and by reason of the narrow, sloping, rounding, sidling, rocky, uneven, icy, unsafe, and dangerous condition of said highway, first aforesaid, the said sleigh was overturned and the said horse escaped from the control of the said servant of the plaintiff, without the fault or negligence of the plaintiff or his said servant, and ran with the said sleigh to and upon the track of the Northern Railroad, and was precipitated through a certain cattle-pass and opening existing upon the track of said railroad, in said town of Hill, a great distance, to wit, ten feet, upon the ground beneath the said track of the said railroad ; and the said horse was then and there killed; and the said sleigh, and the harness of the plaintiff attached to the said horse and sleigh, were broken and greatly damaged; all which was by reason of the insufficiency and want of repair of said first mentioned highway."

AMENDMENT.

" Also, for that at Hill aforesaid, January 13, 1858, there was, and for a long time had been, a certain other public and common highway, leading from a point near Wells' sawmill, so called, to the intersection of said highway with another highway, leading from Franklin, in said county of Merrimack, to Bristol, in said county of Grafton, near the dwelling-house of Carr Huse, in said Hill;

and the plaintiff avers that the said town of Hill, during all the said time, was and still is bound and liable by law to maintain and keep in good and sufficient repair the said first mentioned highway, suitable for the travel passing thereon, so that all persons might and may pass and repass safely thereon, by and with themselves, their horses and carriages; and the plaintiff further avers, that at said Hill, on said January 13, said first mentioned highway was not in good and sufficient repair, the said town of Hill well knowing the premises, in this: that there were, upon land adjoining the same highway, a large number, to wit, twenty rocks of large size, to wit, of the height of two feet and of the width of two feet, which said rocks were situated and projected near said highway; and that upon the side of said highway was a high bank, to wit, of the height of two feet; and that the said town of Hill, during all the time aforesaid, was and still is bound and liable to keep and maintain, upon the side of said highway near said bank and rocks, a good and sufficient railing, barrier, and protection, to prevent travellers passing thereon from collision with said rocks and banks, and from injury therefrom, and that said town of Hill, during all the time aforesaid, neglected and refused to furnish and provide said railing and protection; and the plaintiff avers that, on said January 13, at said Hill, the servant of the plaintiff was driving and travelling, in a lawful, careful, and prudent manner, over and upon said highway first mentioned, with the plaintiff's horse and sleigh, the said plaintiff's said servant being in said sleigh and being drawn by said horse, the whole weight of the load upon said sleigh, exclusive of said sleigh, being less than three tons, to wit, of the weight of three hundred pounds, and no more; and by reason of the existence, location, and projection of said rocks and of the bank aforesaid, and the want of such sufficient and necessary railing, barrier, and protection, the said sleigh was thrown upon said rocks, and came into violent collision therewith, and

Davis *v.* Hill.

was overturned, and the said horse escaped from the control of the plaintiff's said servant, without the fault or negligence of the plaintiff or his said servant, and ran with the said sleigh to and upon the track of the Northern Railroad, and was precipitated through a certain cattle-pass and opening, then being upon the track of said railroad, in said town of Hill, a great distance, to wit, ten feet, upon the ground beneath the said track of the said railroad; and the said horse was then and there killed, and the said sleigh, and the harness of the plaintiff attached to the said horse and sleigh, were broken and greatly damaged; all which was by reason of the premises aforesaid, and without the fault or negligence of the plaintiff or of his said servant."

*Pike & Barnard*, for the defendants, to the point that the amended count set forth no sufficient cause of action, cited and relied upon Rev. Stat., ch. 57, sec. 1; ch. 53, sec. 1; *Hubbard* v. *Concord*, 35 N. H. 65; *Howard* v. *North Bridgewater*, 16 Pick. 190; *Johnson* v. *Haverhill*, 35 N. H. 83; *Eastman* v. *Meredith*, 36 N. H. 298; Worcester's Unabridged Dictionary, "Embankment"; *Shepardson* v. *Coleraine*, 13 Met. 55; *Smith* v. *Wendall*, 7 Cush. 498. To the point that the amendment was inadmissible, *Butterfield* v. *Harvell*, 3 N. H. 201; *Martin* v. *Williams*, 38 E. L. & E. 462; *Wendell* v. *Mugridge*, 19 N. H. 109; *Paine* v. *Bustine*, 2 E. C. L. 38; *Jelf* v. *Oriel*, 19 E. C. L. 388; *Masterman* v. *Judson*, 21 E. C. L. 516; *Hollingworth* v. *Briggs*, 30 E. C. L. 673.

*George & Foster*, for the plaintiff.

FOWLER, J. It seems entirely clear, upon the authorities, that the want of a sufficient railing, barrier, and protection, to prevent travellers passing upon a highway from running into some dangerous excavation or pond, or against a wall, stones, or other dangerous obstruction, without the

limits of the road but in the general direction of the travel thereon, may properly be alleged as a defect in the highway itself. *Willey* v. *Portsmouth*, 35 N. H. 303 ; *Cogswell* v. *Lexington*, 4 Cush. 307 ; *Hayden* v. *Attleborough*, 7 Gray 338 ; *Jones* v. *Waltham*, 4 Cush. 299 ; *Palmer* v. *Andover*, 2 Cush. 600.

In *Palmer* v. *Andover* the alleged defect in the highway was the want of a railing between the highway and an embankment existing against a mill-pond, at an angle of the road as it passed down the hill. It appeared that in descending the hill, before reaching this point, at a part of the road entirely free from defect, the horses became detached from the plaintiff's carriage by the purely accidental coming off, without the plaintiff's fault or negligence, of the nut of a bolt, which attached the pole with the traces and other harness of the horses thereto ; that thereupon the horses, so detached from the carriage, following the road, turned to the right and passed safely over the bridge, —while the carriage kept nearly straight forward, passing to the left of the travelled way, and thence over the embankment into the mill-pond. The court decided that the defendants were liable for the injury thus resulting, if a rail or other barrier were, in the judgment of the jury, necessary for the proper security of travellers, and would have prevented the happening of the accident.

In *Cogswell* v. *Lexington* it was holden, that the defendants were liable for an injury happening to a traveller, while in the exercise of ordinary care, in consequence of driving his wagon against a post which stood without the limits of the highway, but near the line thereof, and within the general course and direction of the travel thereon, and rendered the travelling dangerous.

In *Jones* v. *Waltham* it was substantially decided, that, if there were dangerous pits, excavations, precipices, walls, stones, or other obstructions, situated without the limits of the located highway, but so near it and so situated that

they would, without barriers or guards, endanger the safety of passengers using the travelled or made part of the road, with ordinary care and diligence to avoid exposure to injury, it was the duty of the town to guard against such pits, excavations, precipices, walls, stones, and other obstructions, by means of a railing, or in some other proper mode; and, if they neglected to do so, and in consequence of such neglect any person using the road sustained an injury, the town would be liable for the damage suffered.

In *Hayden* v. *Attleborough,* where the plaintiff sued for an injury occasioned by her driving, in the evening, into a cellar beyond the limits of the highway, the court held, sustaining fully the instructions of the judge at *nisi prius,* that, where the limits of a highway are not indicated by any visible objects, and there is nothing to show a person, driving thereon in the evening, that the course he is pursuing is not within the way intended for the public travel, the town is liable for an accident to a traveller resulting from a defect within the general course and direction of the travel over the highway, although beyond the limits of the located way, if so near thereto as to render the travelling thereon dangerous, and there is nothing to give travellers notice of the defect until too late to avoid it.

It is quite apparent from these decisions, we think, that the amendment in the case before us was properly allowed, being merely the statement of the same sufficient cause of action in a different way, to remedy the imperfection and uncertainty of the original count. The substantial grievance complained of in the original declaration was, the unsafe and dangerous condition of the highway at the point of the accident, by reason whereof the plaintiff suffered damage. The substantial injury, then, being the damage to the plaintiff by reason of the defective highway, it is immaterial whether that defect was the want of a railing or other protection upon the bank, which rendered the road unsafe or dangerous, or its being "narrow, sloping,

rounding, sidling, rocky, uneven, and incumbered with ice, unsafe and dangerous to pass." It would require precisely the same evidence to support the action after the amendment as before. Nor is it any decisive test of the impropriety of the amendment, that the plaintiff's proof might not sustain his declaration as originally drawn, but would support it as amended. The very object of an amendment generally is, to obviate some variance between the allegations and the proofs, which, if not corrected, would defeat the action. *Stevenson* v. *Mudgett,* 10 N. H. 338; *Merrill* v. *Russell,* 12 N. H. 74; *Bassett* v. *Salisbury Manf. Co.,* 28 N. H. 452; *Haynes* v. *Morgan,* 3 Mass. 208; *Ball* v. *Claflin,* 5 Pick. 303; *Swan* v. *Nesmith,* 7 Pick. 220.

The amendment having been rightfully received, the exception taken to the ruling of the court below admitting it, must be overruled; and as this amended count states what may be found by the jury a good cause of action, the plaintiff will be entitled to judgment upon the demurrer, unless there shall be a motion for leave to withdraw it.

At the suggestion of counsel we have considered the question of costs, and are of opinion that the terms of receiving the amendment should be the payment of the costs of the trial to the time of its allowance; and that, if the defendants desire to withdraw the demurrer, they may do so, upon paying the costs arising in the case since the filing of the same.

*Exceptions overruled.*