PETER ALLEN, appellee, *vs.* EBENEZER HUNTINGTON and TIMO-THY FISHER, appellants.

Windham,
February,
1827.

If an action be brought in the name of the *selectmen* of a town, where it should have been brought in the name of the *town*, the proceedings would be merely erroneous, and not void. The judgment, while it remained in force and unreversed, would be conclusive upon the parties, and its merits could not be overhauled, nor could it be impeached in a collateral way.

If a judgment should be rendered in a case, where the original writ is declared by statute to be void for want of a minute thereon of the true day, month and year when the same was signed, such judgment, though irregularly obtained, would nevertheless be a judgment to all intents and purposes, until set aside or reversed.

It is a *general* principle, that a judgment is void in no case, except where it appears from the judgment itself that the court had no jurisdiction.

Either an *erroneous* or *irregular* judgment, if rendered by a court of competent jurisdiction, forms a good justification for the proceedings had to enforce, until reversed or set aside.

An erroneous judgment, though afterwards reversed, will afford protection for all acts done under it.

But when an irregular judgment has been set aside, the consequences, as it respects the parties to it, are the same as if no judgment had ever existed.

MOTION by the plaintiff, that a judgment of the county court against him be reversed, and for a new trial, founded on exceptions taken and allowed at the trial below, and certified to this Court as follows :—

The action was trover for a horse. The cause went to trial upon the general issue. The taking and conversion of the property mentioned in the declaration, by the defendant, was admitted, and that it was the property of the plaintiff.

To prove the issue on the part of the defendants, they offered in evidence certified copies from the files and records of *Timothy Burton*, Esq. of a suit in favour of *Ebenezer Huntington, William Harris*, Jr. and *Lemuel Farwell*, selectmen of the town of *Acton*, against *Peter Allen*, and a copy of the record of the judgment which was rendered in said suit, and of the execution which was issued upon said judgment, July 12, 1825, upon which the said property was taken and sold by Fisher, as constable of Acton. The said copies of the aforesaid suit, judgment and execution, were objected to by the counsel for the plaintiff, but the same were admitted by the Court. The aforesaid copies are made a part of the case.

The counsel for the plaintiff except to the decision of the court so made against him, and pray that their said exceptions may be allowed by the Court, and that the judgment may be respited in said cause until a decision thereof.

*Allowed, &c.*

Upon inspection of the copies of record offered, it appeared that the suit of the selectmen against the present plaintiff, was an action on the case brought to recover the expenses of removing a nuisance from a highway in said town, placed there by said Allen, and not removed by him, on notice and order of the selectmen, founded on the sixteenth section of the act relating to highways, &c. (*Comp. Stat. p.* 433.) It also appeared

32

*Windham,*
February,
1827.

Allen
*vs.*
Huntington,
.et. al.

that there was no minute on the original writ, under the official signature of the Justice, of the day, month and year, when the same was signed by him.

*Phelps,* in support of the motion, insisted, *first,* that the selectmen were not entitled to the action against *Allen,* but the same ought to have been brought in the name of the *town* of Acton. *Secondly,* That the original writ was *void,* for that there was no minute on the writ, under the official signature of the Justice, of the true day, month and year when he signed the same, and that consequently, the judgment and execution in that suit were void also.

*Hunt,* contra.

The opinion of the Court was delivered by

PRENTISS, J. The horse for which this action was brought, was taken by the defendants, under an execution, issued on a judgment recovered in a suit against the plaintiff, by the selectmen of *Acton.* It was objected on the trial, and is now insisted, that the judgment and execution were irregular and void, and afforded no justification to the defendants.

It is unnecessary to give any opinion, whether the action in which the judgment was recovered against the plaintiff, could have been properly maintained in the name of the selectmen, or should have been brought in the name of the town ; because it is very clear, that the question could not be raised in this case. Admitting that the action should have been brought in the name of the town, and that the selectmen could not maintain it, the proceedings are merely *erroneous,* and not *void.* The judgment, while it remains in force and unreversed, is conclusive upon the parties, and its merits cannot be overhauled, nor can it be impeached, in this collateral way.

It is equally unnecessary to determine, whether the nature and purpose of the action against the plaintiff were such, as to require a minute in writing on the original writ, under the official signature of the Justice, of the day, month and year, when the writ was presented to, and signed by him. We are inclined to think, that such minute was not requisite, but it is quite unnecessary to enter at all into that question. The execution issued against the plaintiff was warranted by the judgment, and unless that was *ipso facto* void, and a nullity *ab initio,* the execution affords a good justification to the defendants. The statute which is relied upon, declares, that every *original writ,* issued in the cases therein mentioned, in which a minute is not made and signed as therein required, shall be *void.* The statute does not, in terms, extend to the judgment, which may be rendered in the suit commenced by such writ; but it is argued, that as the writ is made void, the judgment, and all the proceedings consequent upon it, must be void also. It would certainly be going great lengths to hold, that the party, after judgment is rendered against him in such case, may treat the judgment as a

nullity, and the plaintiff, if he sues out execution upon it, as a trespasser. This would be manifestly inconsistent with the general rules of law, as to the conclusive nature of judgments. The doctrine which prevails in the books, is, that a record is of so high a nature, that it cannot be impugned by the parties to it in any collateral proceeding. If a judgment has been *irregularly* obtained, it is nevertheless a judgment to all intents and purposes, until set aside or vacated. (*Phillips* vs. *Biron, Stra.* 509. *Hammond's N. P.* 54.) It is often the case, that a statute which declares a thing to be *void,* is to be construed as making it *voidable* merely at the instance of the party; and it would seem, that where the statute only declares the original writ void, and is silent as to the judgment, the reasonable construction is, that it is not *void,* but *voidable* merely, that is, may be rendered void by plea, or other proper proceeding. The case of *Prigg* vs. *Adams,* 2 *Salk.* 674, is a very strong authority, and entirely decisive of the point in question. In *trespass* and *false imprisonment,* the defendant justified as an officer, under a *ca. sa.* on a judgment in the *Common Pleas,* upon a verdict of five shillings, for a cause of action arising in *Bristol.* The plaintiff replied the private act of Parliament for erecting the *Court of Conscience* in *Bristol,* wherein was a clause, that if any person bring such action in any of the courts at *Westminster,* and it appeared upon trial to be under forty shillings, that no judgment should be entered for the plaintiff: and that if it be entered, that it shall be *void.* Upon demurrer, the question was, whether the judgment was so far void, that the party should take advantage of it in this collateral action. The court held, that it was not *void,* but *voidable* only, by plea or writ of error. The general principle certainly is, that a judgment can be considered *void* in no case, except where it appears from the judgment itself that the court had no jurisdiction. It may be *voidable,* but not *void,* if rendered by a court of competent jurisdiction; and until it is set aside or vacated, it forms a good justification for the proceedings had to enforce it. When an *irregular* judgment has been set aside, the consequences, as it respects the parties to it, are the same as if no judgment had ever existed; but an *erroneous* judgment, though afterwards reversed, will afford a protection for all acts done under it.

Judgment for the defendants affirmed.

*Chs. Phelps* and *D. Kellogg,* for the plaintiff.

*Jona. Hunt,* for the defendants.

*Windham,*
*February,*
*1827:*

*Allen*
*vs.*
*Huntington*
*ot. al.*