## BILLINGS CARPENTER *vs.* HIRAM N. GOOKIN.

<div style="float:right">
WINDSOR,
*February,*
1829.
</div>

Where a proceeding depends on the discretion of the court below, guided by the particular circumstances of the case, and not on any certain and known rule of law, it is not subject to revision in the Supreme Court on exceptions.

But if a new trial, or an amendment, be granted in a case, when the court, by law, have no power to grant it, the party is entitled to relief, and the error may be corrected on a removal of the cause to the Supreme Court.

An amendment of a declaration will not be granted, which changes the form of action, or introduces a new count for a new cause of action, not contained in the original declaration.

This action was brought originally before a justice of the peace, and appealed to the county court. The writ before the justice contained a declaration, alleging that in consideration that the plaintiff would let to the defendant a horse to ride ten miles, the defendant promised not to ride him over ten miles, to ride him moderately, and to pay one dollar for the use of him ; and avering, as a breach, that the defendant rode the horse over ten miles, rode him immoderately and injured him, and had not paid the one dollar. The defendant pleaded infancy, and several other pleas not necessary to mention. Judgement was rendered by the justice, and an appeal taken. In the county court, the plaintiff did not file a new declaration, under the rule of that court, which allows a new declaration to be filed within a certain time, and on neglect therefor confines the party to the declaration before the justice. The plaintiff relied upon the declaration set up before the justice, and the defendant pleaded infancy and *non assumpsit* to it. The plaintiff after this moved to amend his declaration by adding a count in trover for the conversion of the horse ; and the court permitted him to do it. He subsequently moved further to amend by stricking out the old declaration ; and the court decided he might do this also. The defendant then, waiving all former pleas, pleaded *not guilty,* and also *that at the time of the alleged conversion, he was an infant, under twenty one years of age.* The plaintiff joined issue on the plea of not guilty, and de-

WINDSOR,
February,
1829.

Carpenter
vs.
Gookin.

murred to the plea of infancy.  A trial was had, and a judgement rendered against the defendant.   The defendant excepted to the decisions of the court, and removed the cause to the Supreme Court.

*For the defendant* it was contended,

1.  That the original action being *assumpsit, trover* could not be joined with it.—2 *Chit. Pl.* 107-148.—1 *Aik. Rep.* 80.

2.  That the effect of both amendments is to substitute *trover* for *assumpsit* which the court was not authorized to do.—1 *Sw. Dig.* 639.—11 *Mass.* 242.

3.  That the facts in the case did not show a conversion, but only a breach of promise, especially if infancy cannot be pleaded.

4.  That *infancy* was a valid defence on the facts stated, and is not affected by the form of the action.—*Jennings* vs. *Randell,* 8 *Term Rep.* 355.

*Argument for the plaintiff.*—Amendments are allowable both by statute and common law.   Our statute is very broad, and authorizes the Court to permit the parties to amend any defect or want of form at their discretion.  As to its being after plea pleaded, it is answered that the statute expressly says, the Court may, *at any time,* order an amendment, &c.    And at common law, we know it is done after judgment, and even after a writ of error is allowed and the record removed, either by the court below, or in the court of errors.   It will not be denied that the old and new declarations are for the same cause of action ;  and, indeed, this will appear from a comparison of the two counts.   It is contended, that the amendments were properly allowed :  the two causes of action might be properly joined in the same declaration.   It is common to join a count in *trover* with a count in *case* for a tort ; and if so, are both within the pale of this form of action.

In all cases where counts may be joined, one may be added to the other by way of amendment.   The count first filed in this case was properly an action on the case for a tort.   It, indeed, states the contract as it must do in order to show wherein the tort consisted.   It states a letting of the horse from *Weathersfield* to *Cavendish,* and alleges that in going that distance, defendant was to use the horse tenderly and drive him reasonably.   It then alleges that the defendant drove the horse unreasonably, and that he drove him from *Cavendish* to *Mountholly,* further than he had a right to do by the terms of hiring.   Now, was it a tortious act to drive the horse unreasonably, and to drive him ten miles further than he had a right to do ?  It was truly a breach of the contract, both express and implied ;  but was it on that account the less tortious ?

WINDSOR,
February,
1829.

Carpenter
vs.
Gookin.

It was, therefore, clearly an action on the case for a tort. The question is not whether this was the proper mode of redress for the injury, but whether the facts stated do not develope such a tortious line of conduct, and such a cause of action in case, as that trover may properly be joined with it in the same declaration. Counts for deceit and trover are often joined in the same declaration. In *Jennings* vs. *Randall*, 8 *T. R.* 335, the two first counts were in case, stating the contract of hiring, and alleged that the defendant used the horse severely, and strained and lamed him : to these was joined a count in trover. Infancy was pleaded to the two first counts; and the court judged this to be a mere breach of contract, and, therefore, allowed the plea. Plaintiff had probably no evidence to support the count in trover, but what would merely support the two first counts, and no proceedings appear to have been had on this count. But the present is distinguishable from that case. In this the defendant drove the horse ten miles where he had no authority to use him; and this is the same as if he had taken him out of plaintiff's stable and used him in the same manner.

An appeal to this court is in nature of a writ of error. But allowing or refusing an amendment is no ground of error, and was so decided in case of the *Marine . Ins. Co.* vs. *Hodgson ;* and it is, in the case referred to, placed on the ground of refusing or granting a new trial or continuance.—6 *Cranch*, 218, *Mandeville* vs. *Willson.*—5 *Cranch*, 15.—It is not a question of law, but an appeal to the discretion of the Court.—*Dillon* vs. *Mayor of Gramford*, 7 *T. R.* 799.—No one will doubt that, in the present case, the furtherance of justice was promoted by the amendment. Defendant hired the horse to go ten miles, but went with him twenty with great speed on a very hot day, whereby he was nearly ruined. If case for the tort would not lie, as it is said it would not, justice required that trover should be substituted, for this is the appropriate remedy.—5 *Mass.* 104.

Defendant contends that he is protected by the plea of infancy. It will,perhaps,be sufficient to say that this question was fully considered and decided in the case of *Vasse* vs. *Smith*, 6 *Cranch*, 226, in the Supreme Court of the United States. It is there ruled that infancy is no plea in the action of trover.

PRENTISS, J. delivered the opinion of the court.—As a description of the matter of demand or cause of action, so far as to specify the general nature of the action, is all that is usual or necessary in a suit before a justice of the peace, the plaintiff is at liberty, when the cause comes by appeal to the county court, to file a declaration in proper form, upon the particular cause of ac-

WINDSOR,
*February,*
1829.

Carpenter
*vs.*
Gookin.

tion described or specified in the writ. If, however, he fails to file a new declaration within the time prescribed by the rule of the court, he is confined to the declaration which comes up from the justice. In the present case, the writ sued out before the justice contained a full and formal declaration, and that being sufficient both in substance and form, the plaintiff did not avail himself of his right, under the rule of the court, to file a new declaration. After, however, the defendant had pleaded *non assumpsit* to the declaration, and also infancy in bar, the plaintiff moved to amend by adding a count in trover, and the court allowed the amendment. He then moved further to amend, by striking out the original declaration, and this was also allowed. The action proceeded to trial and judgement on the declaration as thus amended ; and the question is, whether the amendments were properly allowed, and if not, whether the allowance of them is an error which can be corrected in this court.

Where a proceeding depends on the discretion of the county court, guided by the particular circumstances of the case, and not on any certain and known rule of law, we have no controul over it. The granting or refusing of a continuance, of a new-trial, or of an amendment, when within the discretion of the court, though their discretion may be improperly exercised, is not subject to revision in this court on exceptions. But if a new trial, or an amendment, is granted in a case, when the court, by law, have no power to grant it, the party is entitled to relief, and the error may be corrected on a removal of the cause here. It has been frequently decided in this state, and may be regarded as a settled rule of law, that an amendment cannot be granted, which changes the form of action, or introduces a new count for a new cause of action, not contained in the original declaration. The same rule is laid down in *Haynes* vs. *Morgan*, (3 *Mass.* 208,) and in *Phillips* vs. *Bridge*, (11 *Mass.* 242.) That the original declaration, in this case, was *assumpsit*, founded on contract, and that *trover* could not be joined with it, cannot admit of a question. After the plaintiff had been allowed to amend by adding the count in trover, his counsel, being conscious that the two counts could not be joined, moved and was allowed further to amend, by striking out the original declaration ; and in this way the form of action was effectually changed, by substituting *trover* for *assumpsit*. This proceeding, by which the action was altered from an action on contract to an action on tort, was clearly against law ; and though great liberality ought to be exercised in granting amendments for the furtherance of justice, yet to sanction the proceeding in this case, would be allowing a latitude of amendment, as inconsistent

with order and regularity in practice, as it is altogether unprecedented. As the amendments were irregularly allowed, and the judgement of the county court must for that cause be reversed, it is unnecessary to consider, whether infancy, after the action was changed from *assumpsit* into *trover*, was available as a defence.

<div style="text-align:right">

WINDSOR,
*February*,
1829.

Carpenter
*vs.*
Gookin.

</div>

Judgement reversed.

*Cushman* and *Marsh,* for plaintiff.
*Everett* and *Royce,* for defendant.