JOHN PECK *vs.* SAMUEL SMITH AND IRA SMITH.

Where no sum is mentioned in the minutes of a recognizance upon a writ, or where the name of the person recognized is omitted, the Court have no power to amend the defect.

But, in a case where the sum in which the surety was bound was omitted in the minutes of the recognizance, and the defendant pleaded the defect in abatement, and the court, without rendering judgement on the plea in abatement, allowed an amendment, on motion of the plaintiff, it was held, that, if the defendant did not mean to submit to the amendment, he should have filed his exceptions stating the motion to amend, and the decision of the court upon it : and not having done so, it was considered that he had acquiesced in the amendment.

This was an action of *assumpsit,* upon a promissory note. From the files and records sent up from the county court, it appeared that no sum being mentioned in the minute of the recognizance made on the plaintiff's writ at the time it issued, and the defendants having pleaded the matter in abatement, the plaintiff moved for leave to amend the recognizance by inserting therein the sum of twenty dollars ; and the court allowed the amendment. The defendants thereupon, without filing exceptions to the decision of the court allowing the amendment, and without any judgement being rendered on the plea in abatement, pleaded the general issue to the action, and the plaintiff recovered judgement for his damages and costs. From this judgement the defendants reviewed, and at the next term of the county court the plaintiff again recovered judgement.

PRENTISS, C. J., delivered the opinion of the Court.—There can be no doubt that the amendment granted by the court below was improperly allowed. The statute declares, that before the issuing of any writ, sufficient security shall be given to the defendant, by way of recognizance, to the satisfaction of the authority signing the writ, that the plaintiff shall prosecute his writ to effect ; a minute of which recognizance, with the *name* of the surety, and the *sum* in which he is bound, shall be made upon the writ, at the time of signing thereof, and signed by such authority ; and if any writ be otherwise issued, the same, on motion, shall be abated.—(*Comp. Stat. p.* 70. *s.* 44.) From this provision, which is positive and peremptory, it is obvious, that where either the name of the surety, or the sum in which he is bound, is omitted in the minute of the recognizance upon the writ, the court have no power to amend the defect. And we have already decided, that though the granting of an amendment, when within the discretion of the court, is not subject to revision here, yet if an amendment

CHITTENDEN,
January,
1830.

Peck,
vs.
Smith et al.

is granted in a case, when the court, by law, have no power to grant it, it is an error, which may be corrected in this Court on exceptions.—(*Carpenter* vs. *Gookin*, 2 *Vt. Rep.* 495.)

But no exceptions appear to have been taken by the defendants to the allowance of the amendment,nor was there any judgement of the court below upon the plea in abatement ; and, under these circumstances, it must be considered that the amendment was submitted to,and the plea in abatement waived,especially as the defendants were not obliged to answer further,and plead to the merits,as they did, without a judgement of *respondeas ouster*. In *Burnham* vs. *Webster*, (5 *Mass.* 266,) where the defendant, after pleading in abatement, without a judgement of *respondeas ouster*, voluntarily pleaded to the action, it was held, that this amounted to a waiver of his plea in abatement, which must be considered as if it had not been filed. If the plea in abatement was superseded by the amendment,and a judgement upon it was thereby rendered unnecessary,the defendants,if they did not mean to submit to the amendment,should have filed their exceptions,stating the motion to amend, and the decision of the court upon it. But not having done this, it must be taken that the amendment was acquiesced in ; and there being no judgement in the case, upon any question of law arising upon the pleadings,there appears to be no error in the proceedings of the court below, which we can notice, or the defendants can now avail themselves of.

Judgement affirmed.

*L. Foote*, for plaintiff.
*Adams*, for defendant.