### FOR THE

## COUNTY OF CALEDONIA,

### APRIL TERM, 1852.

---

PRESENT,

Hon. STEPHEN ROYCE, Chief Judge.
Hon. ISAAC F. REDFIELD, } Assistant Judges.
Hon. PIERPOINT ISHAM, }

---

## MARY J. RAMO *v.* DAVID WILSON, JR.

*Bastardy. Defects of form cured by verdict. Motion in arrest of judgment.*

The statute, in terms, requires that the original papers should be returned to the county court, in cases of this kind; but if copies are returned, and not objected to, it is the same as if copies had been substituted by order of the court.

The omission of the complainant, to sign the complaint at the bottom, if objected in proper time, might be good cause for quashing the proceedings, but after verdict, this omission cannot be regarded as one of substance.

Ramo *v.* Wilson.

All defects in form, in a case of this kind, are cured by verdict. *Robie* v. *McNiece*, 7 Vt. 419.

THIS WAS A COMPLAINT for bastardy. Plea *not guilty*, and trial by jury. The jury returned a verdict that the defendant was guilty.

After verdict, the defendant filed the following motion in arrest of judgment:—

"And now, after verdict for said complainant, and before judg-
"ment thereon, the said defendant moves that said judgment be
"arrested on said verdict, because he says, that the said complain-
"ant did not, at any time before the return of said verdict, upon her
"oath in writing, declare herself to be a single woman, with child,
"which child being born was a bastard, and is still living, and the
"said David Wilson, Jr., with begetting such child, and of being
"the father of said child, before any justice of the same county,
"or before John Shaw, justice of the peace, and apply to such
"justice for a warrant to issue against the said David Wilson, Jr.,
"and return to the clerk of this court, at any time before said trial,
"or during the same, any such original complaint, by her signed
"and sworn to, as aforesaid, with the original warrant, together
"with a true record of the doings of said John Shaw, or 'some
"other justice of the peace, who might properly recognize between
"the parties, or any other sufficient complaint and warrant, upon
"which a proper issue of not guilty could be formed for the finding
"of said verdict, or to support a judgment on said verdict for the
"complainant."

The county court, December term, 1851,— POLAND, J., pre-siding, overruled the said motion, and duly made an order of affil-iation against the defendant.

To the decision of the court overruling said motion in arrest; defendant excepted.

*M. Hale* and *Davis & Dana* for plaintiff.

1. It is urged, as a matter in arrest, that the complainant did not cause a return of the original complaint exhibited before the magis-trate, to be made to the county court, before trial, &c.

This court, as a court of error, have nothing to do with the above question, it being merely a matter of practice, regulated by

Ramo *v.* Wilson.

the county court, by its own rules; and furthermore, the practical construction of the statute has been, to permit *copies* of the proceedings before the justice, to be used in the county court. *Sisco* v. *Harmon,* 9 Vt. 129.

2. It is further urged, that the complainant did not exhibit her complaint in writing to the justice, or subscribe any complaint, or make oath to the same. In *Graves* v. *Adams,* 8 Vt. 130, where it was moved to quash, because it did not appear that the complaint was made on oath, the court say, "Yet it does appear by the justice's " certificate, that she was, in fact, sworn to the complaint, before " the warrant issued." And it appears by the certificate of the magistrate, that the complainant was duly sworn to the truth of the complaint, and that she subscribed to the same before the defendant was arrested. Comp. Stat. 423, § 1. *Robie* v. *McNiece,* 7 Vt. 419.

*J. D. Stoddard* and *J. Potts* for defendant.

By the Court. The statute, in terms, requires that the original papers should be returned to the county court, in cases of this kind. But if copies are returned, and not objected to, it is the same as if copies had been substituted by order of the court. Comp. Stat., Chap. 71, § 5.

The omission of the complainant to sign the complaint, at the bottom, if objected in proper time, might have been good cause for quashing the proceedings. But after verdict, we should not feel justified in regarding this omission as one of substance. It appears the complaint was made in writing, and sworn to before the magistrate. The defendant appeared in the county court, and pleaded the general issue, "that he is not guilty, as the complain- " ant, in her said complaint, hath alledged against him." This, we think, is a sufficient waiver of any mere informality in the complaint. And after a general verdict, the defendant must be taken to be guilty of all the facts charged in the complaint, and all others fairly implied from those alledged; and this, we think, makes a sufficient case to warrant the judgment rendered by the county court, and it is affirmed, and the case remanded to the county court, to be there carried into effect. *Robie* v. *McNiece,* 7 Vt. 419, decides that all defects of form, in a case like the present, are cured by verdict.