SHOREHAM GOODENOW AND JOHN P. DIX *v.* IRA STAFFORD.

*Practice. Entry of appealed action in the county court.*

An appealed justice suit can be entered in the county court, only by producing and entering attested copies of the justice writ and proceedings. Until that is done, the county court have no jurisdiction of the action. The entry of the name of the suit on the clerk's docket is not sufficient. The statute requiring copies to be sent up is mandatory.

AUDITA QUERELA to set aside the affirmance, in the county

court, of a judgment which the defendant obtained against the complainants, before a justice of the peace, from which the complainants took an appeal, It appeared that after the appeal, the complainants employed E. Kirkland, Esq., to take charge of, and enter the appeal in the county court, who, on going to court, made arrangements to have the copies of the appeal, &c., sent to him by the justice; and gave to the clerk the name of a case *Stafford* v. *Goodenow,* to be entered on the docket, which was duly done. The evidence tended to show that this was intended by said Kirkland as the appealed case, and that the name of Dix was, by mistake, omitted. About the first of the second week of the term, Stafford's counsel procured copies of the justice, and entered a complaint for an affirmance of the justice judgment. Near the close of the term said Kirkland had a judgment of nonsuit entered in the case of *Stafford* v. *Goodenow,* which he had entered, and that without filing with the clerk any copies from the justice.

The complainants gave evidence tending to show that the attention of Roberts, the attorney for Stafford, was called to the entry *Stafford* v. *Goodenow,* during the term, and that he was informed by Kirkland that it was the appealed suit. The defendant gave evidence tending to show the contrary, and that Kirkland informed said Roberts he did not know what it was for, but Roberts supposed it was some other suit, and one in which he had not been engaged. The complainants requested the court to charge the jury that the complainants could not recover unless they duly entered their appeal in the county court; that to have done this they must have produced and entered in said court attested copies of the original process and record of judgment, and that the mere entry of the names of the parties correctly upon the clerk's docket would not have been sufficient; or if otherwise, that the naming of the action incorrectly, omitting entirely the name of one of the defendants, and describing the action as being against the other only, could not be considered a due entering of the appeal.

The court refused to charge the jury as requested, but told them that, in order to constitute an entry of an appeal, it was not necessary to file with the clerk certified copies from the justice; that this requirement of the statute was directory; but that if the appealing party entered the names of the parties to the suit, appellant

and appellee, regularly on the docket of the court, agreeably to the rules of the court, it would be a sufficient entry of the appeal ; and the opposite party would be bound to take notice of it, and would not be justified in entering for affirmance. And the court further charged the jury that if they found that Kirkland, the complainant's counsel, in good faith entered the appeal in the names *Stafford* v. *Goodenow*, omitting the name of Dix by mistake, and that Roberts, defendant's counsel, was informed and knew, or had good reason to believe from such information as he obtained, that said entry was so intended, and that Dix's name was omitted by the mistake or inadvertance of Kirkland, then and in that case Roberts was put upon inquiry, and was bound to regard it as the entry of the appeal, and was not justified in disregarding it, and entering the case for affirmance, and the jury should return a verdict for the complainants. To this charge and the refusal of the court to charge as requested, the defendant excepted. Other questions were presented and exceptions taken, which it became unnecessary to decide. The verdict was for the complainants.

*W. H. Follett*, for the defendant.

*D. & G. B. Kellogg* and *Butler & Knowlton*, for the complainants.

The opinion of the court was delivered by

BENNETT, J. We think there must be a new trial granted. The plaintiffs in the *audita querela* seek to set aside the judgment that was rendered against them in the county court, affirming the judgment of the justice upon the complaint of the appellee, and this upon the ground that the appellants had duly entered their cause in the county court, where it was then pending, and that consequently the right of the appellee to enter the cause for affirmance did not exist. But the question is, did the appellants ever enter their appeal in such a way as to take away from the appellee the right to enter for an affirmance ? The statute, Comp. Laws, p. 238, § 73 says, " the appellee shall produce and enter in the court to which the appeal is taken, attested copies of the original writ, process, record of judgment, and all evidence filed in the court from

which the appeal was allowed." And if the party having appealed from the judgment of a justice shall neglect to enter his appeal in the county court, the statute gives the adverse party the right to enter for affirmance. In the present case the appellants handed to the clerk of the court the following memorandum "*Stafford* v. *Goodenow*," and this was entered upon the clerk's docket. No copies from the justice were ever sent up to the county court, or filed with the clerk, so as to become the foundation of any proceedings by the appellants in the county court. Until this was done the court had no jurisdiction of the action.

The statute requiring copies of the justice's record to be sent up, should be regarded as *mandatory*, and not simply as *directory*. If the copies had been filed any time during the term under the order of the court, it might doubtless, by relation, have referred back to the first day of the term. But in this case, the appellants in fact did nothing; not enough to give the county court jurisdiction of the action. In no proper sense can it be said, that the appellants had entered their appeal in the county court, and it is the same thing in effect, as if they had not attempted to do any thing. The appellee's right to enter for an affirmance was not then taken away There was manifest error in the view taken by the county court in this particular. The other points reserved upon the trial become of no importance to be considered.

The judgment of the county court is reversed and the cause remanded.