THE TOWN OF ORANGE v. C. P. BILL AND AARON SANBORN.

*Appeal from order of removal. Mandamus.*

No particular formality is required in taking an appeal from an order for removal. If the party intending to appeal notifies one of the justices of that intention, and says that which he understands amounts to taking an appeal, and the justice is aware that he has that understanding, it is sufficient. And if in such a case the justices refuse to certify the appeal, they will be compelled to do so by mandamus.

PETITION FOR A MANDAMUS. · The ground of the application and the facts proved in the case, sufficiently appear in the opinion of the court, which was delivered by

REDFIELD, Ch. J. This is a petition for mandamus, requiring the justices making an order of removal, to certify an appeal to the county court. And the case having been heard upon its merits, the question is in regard to the sufficiency of the evidence of the appeal having been taken. One of the justices testifies that the agent of Orange came to him twice upon the subject. He said " he should enter the case at the county court, as he had not time to look up the case," there being but a very few days intervening the order and the next term of the county court. He came and said, " he thought he would take an appeal to said court in the aforesaid case;" but on finding it would take the justice three or four hours to make the copies, he concluded to see him about the papers at the term of the county court. The agent entered the appeal in the county court, and the opposing town, Topsham, entered an appearance by attorney, and the case was continued, all parties evidently supposing the appeal had been regularly entered. At the next term a motion to dismiss, for want of copies, was made, and the case continued for the purpose of obtaining the copies ; and the justices, when applied to, declined to certify that any appeal was taken, and the question is, whether they should be required to so certify.

The taking the appeal is evidently something quite distinct from taking the copies. It is not required to be taken with any particular formality. No recognizance is now required. And if the justices are entitled to any fee, it is not made a condition precedent to entering the appeal. All that is requisite is that notice of the

appeal should be given to the justices, or one of them. And this, it seems to us, was done in the present case. One witness testifies distinctly that one of the justices told him "he had no doubt that Holbrook (the agent of Orange) intended to enter the appeal, and supposed he had done so." And we think this must have been his understanding, and that, if one of the justices supposed he so intended, he should have certified the appeal as properly taken. If the agent did what the Justices supposed he intended as entering the appeal, it was the entering of the appeal. No particular form of words was necessary. It was enough that he supposed he had entered an appeal and the justices understood that he so supposed.

His own conduct in entering the case, and that of the other town in entering appearance and having the case continued without objection, seem conclusive of the understanding of the parties at the time.

Ordered, that a peremptory writ of mandamus issue, requiring the defendants to certify the appeal to the county court in due form.