---
Carruth *v.* Tighe.
---

---

### HANNAH CARRUTH *v.* JOHN TIGHE.

*Justice of the peace. Appeal. Amendment.*

While a justice of the peace is alive and continues to reside in the county for which he was appointed, he is the proper certifying officer of his own records, although he may be out of office.

The defendant appealed from the judgment of a justice, but neglected to enter his appeal. The plaintiff, at the next term of the county court following the appeal, caused a copy of the justice's record, certified by the county clerk, (the justice, though out of office, still continuing to reside in the same county), to be entered for affirmance. The defendant moved to dismiss the suit on account of the defective mode of certifying the records and consequent want of jurisdiction. *Held,* that it was not error for the county court, pending this motion, to continue the cause to enable the plaintiff to file a properly certified copy of the record, and upon its being filed, to proceed and try the cause upon its merits.

This cause purported to be an appeal by the defendant from a judgment rendered by Charles L. Williams, Esq., a justice of the peace for Rutland county, on the first of November, 1858.

The suit was not entered in the county court by the defendant, but at the March Term, 1859, of that court the plaintiff filed therein a certain written instrument, appearing to be a copy of the original writ and officer's return, and of certain entries thereon by the said justice of the peace, showing a judgment by him in favor of the plaintiff and an appeal by the defendant with a certificate thereto attached, signed by the clerk of the Rutland county court, to the effect that the said Williams, the subscribing authority to such writ and minutes, had resigned his office as justice of the peace subsequent to the rendition of such judgment,

Carruth *v.* Tighe.

and that the said instrument was a true transcript of such writ and proceedings as then remaining in the county clerk's office.

Upon the entry of this instrument and certificate in court, the defendant moved to dismiss the suit on the ground that the papers filed by the plaintiff did not legally show that any judgment had been rendered or any appeal taken therefrom, and because it was apparent upon their face that the court had no jurisdiction of the suit.

The county court, at the March Term, 1859,—PIERPOINT, J., presiding,—overruled the motion to dismiss, and ordered that the cause be continued till the next term of the court, and that the plaintiff be allowed to file amended copies of the record of the judgment and appeal, to which the defendant excepted.

It was conceded upon the hearing upon the motion to dismiss that justice Williams then resided in Rutland, and had resided there ever since the rendition of the judgment in question.

At the September Term, 1859, the plaintiff filed a copy of the record of the judgment and appeal in question, duly certified in all respects, to the filing of which the defendant objected, but the court overruled the objection. The case was then tried upon its merits under objection from the defendant to the jurisdiction of the court, for the cause above stated, and judgment was rendered for the plaintiff.

To the decision of the court, permitting such copy of the record to be filed, as well as to any trial of the cause upon its merits, the defendant excepted.

*H. Allen*, for the defendant.

—— ———, for the plaintiff.

POLAND, J. The copies first filed by the plaintiff for the purpose of procuring an affirmance of the judgment of the justice, were undoubtedly defective because not properly certified by the justice.

The county clerk is not made a certifying officer of justices' records, except when the justice has removed from the county or has died. While the justice is alive and continues to reside in

the county, he is the proper certifying officer of his own records, although he may be out of office; Comp. Stat., p. 239, section 77 to 80.

The decision of the county court in overruling the defendant's motion to dismiss the action, if the same is to be regarded as deciding that such copy was legal and regularly certified, was improper; but taking the whole decision together it is plain that this was not the case. The court refused merely to dismiss the action at that time, and granted leave to the plaintiff to procure amended copies, and continued the cause to enable her to do so. The real question, therefore, is, had the county court power to entertain the cause upon such copies as were filed, and continue the cause for the purpose of allowing properly certified copies to be procured and filed.

The defendant claims that the copies were so defective that the court had no jurisdiction whatever of the action, and therefore could not continue it or take any cognizance of it.

If this proposition be sound, then the course of the county court was erroneous, for if the court had no jurisdiction of the case, they could not properly continue it, or take any action upon it whatever. It is not claimed but that the action was one of which the county court had proper appellate jurisdiction, nor that the same had not in fact been properly appealed from the judgment of the justice, but the objection rests solely upon the defect in the copies filed. The question then is to be considered as to the effect of a judgment rendered by the court in that position of the case, if the defendant had not appeared and interposed any objection; or if the court had decided that the copies produced were regular and legal, and rendered a judgment for the plaintiff, to which the defendant took no exception, and allowed it to become final. Would that judgment have been void? Clearly it would if the court had no jurisdiction of the case, for no valid judgment can be rendered where the court has no jurisdiction.

But it does not follow because the process is defective, and defective in such vital particulars, that the court have no proper power to allow the same to be amended, that they have no jurisdiction of the cause, and therefore can render no legal judgment. In the case of *Allen* v. *Huntington et al.*, 2 Aik. 249, it was

decided that in an action where the statute required the justice to enter upon the writ a minute of the day when he signed the same, and provided that if this was not done, the writ should be void, and this was not done, still the judgment was good. In *Peck* v. *Smith et al.*, 3 Vt. 265, it was held that the omission of the recognizance in a writ was a fatal defect, and that the court had no power to allow one to be inserted by way of amendment; yet that the court having allowed it, no objection could be made to the judgment.

So it has been held in several cases, that when a justice signs a blank authorization upon the back of a writ, which is afterwards filled up by the party, or any person except the justice, such authorization is wholly void, and confers no legal authority whatever upon the person whose name is thus inserted, and that if he take property or make an arrest under his process his act is wholly without legal justification, and he is liable as a trespasser. Yet it has been held that where a writ was served in this manner, the judgment rendered in the action was not void; *Kellogg ex parte*, 6 Vt. 509; *Kelley* v. *Paris*, 10 Vt. 261; *Ross* v. *Fuller et al.*, 12 Vt. 265. So it has been held under our statute against bastardy, which expressly requires the justice to whom the complaint is made, to return to the county court the original complaint and warrant, with his record of his doings thereon, that when the justice returned *copies* instead of the originals, after a trial and verdict no objection could be raised that the originals were not returned; *Ramo* v. *Wilson*, 24 Vt. 517. In analogy to these decisions, and upon general principles, we are of opinion that the court had jurisdiction of the cause, and that if they had overruled the defendant's motion and rendered a judgment upon the defective copies, the same would not have been void. The copies filed purported to be copies of the original writ and service, and entries showing a judgment and an appeal, but were not certified as the statute requires; they were insufficient and defective, but if they were sufficient to satisfy the court that in fact there was such a cause duly appealed, the court might entertain it and allow perfect copies to be filed. We do not regard it as indispensable to the entertaining the cause at all that the party must produce duly certified copies, and that if by some mischance the party should fail to procure his copies, he

Carruth v. Tighe.

might satisfy the court by the production of the original files or record, that he had a cause properly appealed upon them ; or if the justice should refuse to give copies, the party might satisfy the court by proof of the fact, so that he might enter his cause, so that he could take proceedings to compel the justice to give him copies.

These views seem to be supported by what has been decided in relation to appeals from orders of removal of paupers. The statute provides that the town to which the order of removal is made, may appeal therefrom to the next term of the county court. It is not in terms provided that the justices shall give any copies to the party appealing, or that the party shall enter any copies of the order and appeal in court, but it is clear that there must be something in court to show the proceedings, and the uniform and established practice has always been to procure certified copies from the justices, and file them in court, in precisely the same manner as in appeals from justices in ordinary suits, and this is now probably understood to be the only proper mode. In the case of *Orange* v. *Bill et al.*, 29 Vt. 442, it appears that an order of removal was made by the defendants as justices, of a pauper from Topsham to Orange. The agent of Orange applied to the justices for an appeal, and for copies, but did not procure the copies because he could not wait for them to be made out. At the next term the appeal was entered in court and continued, but no copies filed, and at the next term a motion was filed by Topsham to dismiss the appeal for want of copies. The case was then continued to enable copies to be obtained, but on application to the justices they refused to certify that any appeal was taken. Thereupon the town of Orange applied to the supreme court for a writ of *mandamus* against the justices to compel them to duly certify the appeal, which the court upon a hearing ordered to issue.

Probably the strongest authority to be found in our reports in favor of the defendant's view of this case, is *Goodenow & Dix* v. *Stafford*, 27 Vt. 437. That was an *audita querela* to set aside a judgment of affirmance obtained by the defendant in the county court, in a suit in his favor against Goodenow & Dix, brought before a justice and appealed by Goodenow & Dix to the county court.

They employed an attorney to enter their appeal in the county court, but he was not furnished with any copies from the justice. The clerk, by direction of the attorney, entered upon the docket the case of *Stafford* v. *Goodenow*, but filed no copies whatever, nor was any evidence filed or any application whatever made to the court on the subject of procuring copies. No appearance being entered on the docket for Goodenow, the defendant's attorney had a judgment of nonsuit entered. At the same term the attorney of Stafford filed duly certified copies of the appeal and a complaint for an affirmance of the judgment, and the same was affirmed by the county court. This judgment was sought to be set aside because the suit having been entered by the appellants, the appellee had no right to enter it for affirmance under the statute, and that the judgment of affirmance was irregular. It was held that the appeal was not entered by the appellants. That this decision was correct we do not doubt. The mere entering the names of the parties, (and that incorrectly,) on the docket, without any copies and without any evidence whatever that there had been an appeal, or even that there was ever any such cause, and without any application to the court, could not be considered as any proper entry of the appeal.

The remark of Bennett, J., in delivering the opinion in that case, that until copies were filed the court had no jurisdiction of the action, was correct enough as applied to the facts of that case, but we think could not well be sustained as applied to all cases. There is a very great difference between judgments rendered upon insufficient and defective process and proceedings, and judgments where there is no process or antecedent proceedings before the court upon which they can act. The proceedings of the county courts in this case we believe to be in strict conformity to the well established practice of the courts in this State, in allowing copies of appeal to be amended or new and perfect ones to be supplied. Any other practice would be very inconvenient and often produce great injustice, as copies of appeal furnished by justices are so often imperfect and the cases so frequent when they cannot be readily perfected. If it were to be held that duly and regularly certified copies must in all cases be procured and filed during the term the appeal is entered, or the appellant sub-

mit to an affirmance of the judgment, it must often happen that parties would be deprived virtually of all benefit of the right of appeal.

As the case is reported upon the exceptions, we are not sure but that when the defendant entered his appearance, he entered as the appellant, so that the duty was upon him to have furnished the copies. When a case is entered by the appellee, it is merely to procure an affirmance of the judgment, and not for a trial. In such case doubtless the appellant ought to be allowed to enter to oppose the affirmance if he chooses, but unless he enters the case as appellant, he is not entitled to have any trial of the case upon the merits, only to show cause why the judgment should not be affirmed. When the case is entered by the appellee for affirmance, the appellant is always allowed upon terms to enter as appellant, and have the case tried, but it is only by special leave from the court.

In this case it appears that after the amended copies were filed the case was tried upon the merits, and this could only be done properly by the entry of the appeal by the appellant. It does not appear from the exceptions that he ever obtained leave to enter as appellant, or that he ever did so unless his entering his appearance to the action originally was in that character. But it is not necessary to decide the case upon this ground. We are of opinion that the court correctly refused to dismiss the case, at the first term, and that the leave granted to procure new copies was a matter resting in the proper legal discretion of the court, which cannot be revised.

The judgment is affirmed.