### D. Dewey & Co. v. A. Nicholas.

#### *Pleading.   Declaration.   Amendment.*

An amendment of a declaration cannot be granted which changes the form of action, or introduces new counts for a new cause of action not contained in the original declaration.

A new declaration filed under the rule of court permitting new declarations to be filed, is subject to the same rule, as far as introducing a new cause of action is concerned, as though filed by leave of court.

Where in assumpsit before a justice of the peace the plaintiff's claim as described in the declaration in the writ was for goods sold and delivered, and the case was appealed, it was *held* that he could not recover under a new declaration containing the common counts in assumpsit filed in the county court, for work and labor as well as for goods sold and delivered.

This was an action commenced before a magistrate, and came into the county court by appeal by the defendant. The declaration in the original writ was for goods sold and delivered. In this court the plaintiffs filed the common counts, under which the plaintiffs claimed to recover for goods sold and delivered, and also for work and labor done. About one half the account was for work and labor, and the other half for goods sold.

The issue was joined to the court by the agreement of the parties, at the March term, 1871, Peck, J., presiding.

The plaintiffs claimed to recover for goods sold and work and labor as per their bill of specifications. The defendant made no objection to a recovery for the goods sold, but insisted that no recovery could be had for the work and labor, as it was for a different cause of action from that before the justice. The plaintiffs testified that the work and labor was mixed in with the goods sold, and they intended when the suit was brought that the suit should be for the book account, and they sued for their whole account, and that the bill claimed was charged on the plaintiffs' book at the time the items accrued severally. The court on this testimony permitted the plaintiffs to recover for their whole account with two years's interest upon the same. The court found that the sum of $17.20 was for goods sold and materials furnished to the defendant and delivered, and that the interest on the same

is $3.10, both amounting to the sum of $20.30, and that the amount of work and labor amounts to the sum of $16.66, and the interest to the sum of $3.00, both amounting to the sum of $19.66, and all said sums amounting to the sum of $39.96, and rendered judgment for the plaintiffs for the last mentioned sum and cost. The defendant seasonably objected to the admission of said testimony, and the allowance of said claim for work and labor, which objections were overruled by the court, to which the defendant excepted.

It appeared that during the time that the account accrued the plaintiffs owned and were carrying on the business of a shop in Montpelier village, where work with articles and materials of the kind indicated by the charges was done and furnished, and that the labor charged was done in connection with the materials furnished in the usual course of such business, the defendant owning tenant buildings, and a dwelling-house of his own occupied by him, in the vicinity, for which the labor was done and materials furnished from time to time, as the account of the several items indicated.

*J. A. Wing*, for the defendant, cited *Carpenter* v. *Gookins*, 2 Vt., 493 ; *Wright* v. *Brownell*, 3 Vt., 435 ; *Bucklin* v. *Ward*, 7 Vt., 195 ; *Bowman* v. *Stowell et al.*, 21 Vt., 309 ; *Stevens* v. *Hewitt*, 30 Vt., 262 ; *Montgomery* v. *Maynard & wife*, 33 Vt., 450 ; *Austin* v. *Burlington*, 34 Vt., 506 ; *Dana* v. *McClure*, 39 Vt., 197 ; *Emerson* v. *Wilson*, 11 Vt., 357.

*Randall & Durant*, for the plaintiffs, cited *Lamphire* v. *Cowan*, 42 Vt., 175 ; *Lewis et al.* v. *Locke*, 41 Vt., 11.

The opinion of the court was delivered by

ROYCE, J. This was an action of assumpsit commenced before a justice of the peace, and came before the county court by appeal.

The plaintiffs' claim, as described in the declaration in the writ, was for goods sold and delivered. In the county court the plaintiff filed a new declaration containing the common counts in assumpsit, and under this declaration claimed the right to recover for work and labor, as well as for goods sold and delivered.

The defendant insisted that no recovery could be had for work and labor, for the reason that the cause of action, as far as this portion of the claim was concerned, was different from that declared upon in the writ. But the court permitted the plaintiff to recover for the claim for work and labor, under the new declaration. In this we think there was error.

The case shows that the account for the work and labor was mixed in with the account for goods sold, and that the plaintiffs intended that the writ should be for the whole account. But the intention of the plaintiffs cannot in this instance be permitted to vary the legal rights of the parties.

The new declaration in this case seems to have been filed under the rule of court permitting new declarations to be filed ; but a declaration thus filed is subject to the same rule, as far as introducing a new cause of action is concerned, as if it had been filed by leave of court. The rule laid down in *Carpenter* v. *Gookins,* 2 Vt., 495, that an amendment of a declaration cannot be granted which changes the form of action, or introduces new counts for a new cause of action not contained in the original declaration—has been recognized in the numerous reported cases in this State, where this question has arisen, since that time, and may now be regarded as the settled law upon that subject.

The plaintiffs could not recover for the work and labor under the declaration in the writ, and if they recover for it, it must be because this cause of action is covered by their new declaration. This, we think, would be in direct conflict with the law upon this subject, and that their right of recovery should have been limited to the cause of action stated in the original declaration.

The judgment must be reversed, and judgment rendered for the plaintiffs to recover the sum of $20.30, the amount which the court has found due to the plaintiffs for goods sold.