## TOWN OF CHESTER v. TOWN OF LONDONDERRY.

*Appeal from Order of Removal of Pauper.  Gen. Sts. c. 20, s. 8.*

That part of s. 8, c. 20, Gen. Sts. that provides that where, on appeal from an order of removal of a pauper, if the court to which the appeal is taken be of opinion that reasonable notice of the appeal has not been given, the appeal shall be continued, is mandatory.  Thus: An appeal was taken from an order of removal of a pauper, and four days afterward the appeal was entered at the opening of the term of court to which it was taken.  The appellee appeared, and two days after the entry, moved to dismiss the appeal, for that it had had no notice thereof, and the appeal was dismissed.  *Held*, that the cause should have been continued.

THIS was an appeal from an order of removal of Ruel L. Rugg, a pauper, with his family and effects, from the plaintiff to the defendant town.  The order was made on November 1, 1877, and notice of the order was served on the defendant's overseer of the poor on November 2d.  On November 30th the defendant appealed, and on December 4th, on the opening of the term of the County Court to which the appeal was taken, the appeal was entered, together with duly certified copies of the record, wherein it was stated that the defendant's overseer of the poor prayed for an appeal which was ordered to be allowed.  The plaintiff appeared by attorney, and two days after the appeal was entered, filed a motion to dismiss the appeal, for that no notice of the appeal had been given to the plaintiff, or to any officer, agent, or attorney thereof, and for that no affidavit or other evidence was filed showing that such notice had been given.

At the February Term, 1878, the court, BARRETT, J., presiding, sustained the motion, *pro forma*, and dismissed the appeal; to which the defendant excepted.

*L. Adams,* for the plaintiff.

The statute requiring notice of the appeal, Gen. Sts. c. 20, s. 8, should be strictly complied with.  *Manchester* v. *Dorset,* 14 Vt. 224 ; *Wilmington* v. *Somerset,* 35 Vt. 234 ; *Chester* v. *Baltimore,* 47 Vt. 648.

Appearance for the purpose of objecting to want of notice, does not cure the defect. *Propagation Society* v. *Ballard*, 4 Vt. 119; *Blodgett* v. *Brattleboro*, 28 Vt. 696.

The defendant had no strict legal right to have the cause retained. If the court, in its discretion, might have retained the appeal, but did not, error does not lie. *Railroad* v. *Wales*, 24 Vt. 299.

*A. M. Albee*, for the defendant, contended that the plaintiff had notice, citing *Orange* v. *Bill*, 29 Vt. 442; and that if the notice was merely not seasonable, the appeal should have been continued.

The opinion of the court was delivered by

REDFIELD, J. The plaintiff town had made an order of removal of the pauper to the defendant town, and the latter town had taken appeal and entered the same, with copies of the record duly certified, in the County Court. The appeal was taken on the 30th of November, and entered in court on the 4th day of December following. There were but five days intervening between the appeal and the session of the court to which it had been taken. The plaintiff appeared by attorney, and moved to dismiss the appeal for the want of notice of the appeal, which was, *pro forma*, granted. The statute in regard to appeal in such cases is general and vague. The right is secured, but the manner is not prescribed. The statute, however, provides that "if the court to which such appeal is taken shall be of the opinion that seasonable notice has not been given, they shall continue such appeal to the next session of said court." The statute in regard to paupers is entirely artificial and arbitrary, and the order of removal by the local magistrates, though interested and inhabitants of the town procuring the order, and though acting *ex parte*, is conclusive of the settlement of the alleged pauper, unless appealed from. And the appeal may he taken the last hour before the session of the court to which it is taken. It is obvious that there may be many cases where there is neither time nor opportunity to give any notice of the appeal before the session of the court in which it is entered. We think, in view that the *ex parte* order of

the justices is made conclusive unless appealed from, and that such appeal may be taken on the very day of the opening session of court in which it is entered, the statute was made mandatory, that in case no seasonable notice had been given to the appellee, " the court shall continue such appeal," &c. In the case of *Orange* v. *Bill*, 29 Vt. 442, the plaintiff town appeared by attorney and moved to dismiss the cause because no copies had been filed and no *appeal* in fact taken, and the court, on proof that the overseer of the defendant town had said to one of the justices that he intended to take an appeal, retained the case, and ordered the magistrates by peremptory mandamus to certify the copies into the appellate court.

The court treated the case as lawfully in court, though the appellant party had done nothing but to signify to one of the justices a purpose to appeal. In this case the town had such knowledge of the appeal that an attorney was employed to appear in the case; and under the general rules of practice and the provisions of the statute, we think the cause should have been continued.

The judgment of the County Court is reversed; and the motion to dismiss overruled, and cause remanded to the County Court.