## WILLIAM H. GREEN AND ANOTHER v. PATRICK STARR.

*Pleading. Different Cause of Action. Judgment. Merger.*

In debt in the common counts plaintiffs filed a new special count in debt on a judgment recovered by plaintiffs against defendant. *Held,* that the new count was for a different cause of action.

Plea to the common counts was that plaintiffs had recovered judgment against defendant in New York on account of his "not performing the identical promises . . . and agreement" in the declaration mentioned. *Held,* that the judgment merged the original cause of action, and that the plea was a bar.

THE original declaration was in debt and contained only the *indebitatus* and *quantum meruit* counts, and the common counts for money lent, money paid, money had, and on an account stated. Subsequently to the filing of the original declaration, but season-

ably to come within the rule, the plaintiffs filed a special count in debt declaring upon a judgment recovered by the plaintiffs against the defendant in the Supreme Court of New York, at a term thereof held at Whitehall in the County of Washington in that State, on February 16, 1878. To the common counts the defendant pleaded the general issue, and a special plea alleging the recovery by the plaintiffs of the judgment set out in the special count on account of the defendant's " not performing the identical promises . . . and agreement" in the declaration mentioned, which judgment was still in full force, and praying judgment whether the plaintiffs ought to maintain their action against him. To the special plea the plaintiffs demurred generally.

At the March Term, 1879, the defendant moved to dismiss the special count, for that it set forth a cause of action different from that alleged in the common counts, and the court, DUNTON, J., presiding, dismissed it; to which the plaintiffs excepted. The court also overruled the demurrer, *pro forma*, adjudged the special plea sufficient, and rendered judgment for the defendant; to which the plaintiffs also excepted.

*George M. Fisher*, for the plaintiffs, contended that the special count was not for a different cause of action in such sense as to have been properly dismissed, and cited *Trescott* v. *Baker*, 29 Vt. 459; *Skinner* v. *Grant*, 12 Vt. 456; *Bowman* v. *Stowell*, 21 Vt. 309; *Boyd* v. *Bartlett*, 36 Vt. 9. He also contended that the plea was bad on demurrer, and cited 1 Chit. Pl. 511; 3 *Ib.* 929, 956, 998, *et seq.;* *Swift* v. *Hamblin*, Brayt. 189.

*Redington & Butler*, for the defendant.

The new count was for a different cause of action. The original cause was merged in the judgment. *Hoxie* v. *Wright*, 2 Vt. 263; *Bellows* v. *Ingham*, 2 Vt. 575; *Lapham* v. *Briggs*, 27 Vt. 26; *White* v. *Simonds*, 33 Vt. 178; *Low* v. *Mussey*, 41 Vt. 393; *Dimick* v. *Brooks*, 21 Vt. 569; *McGilvray* v. *Avery*, 30 Vt. 538; *Waterman* v. *Connecticut & Passumpsic Rivers Railroad Co.* 30 Vt. 610; *Skinner* v. *Grant*, 12 Vt. 456. A judgment rendered in any of the States is here treated as a domestic judgment, and

has the same validity and effect.    *Boston India Rubber Factory*
v. *Hoit*, 14 Vt. 92 ; *Bank of North America* v. *Wheeler*, 28 Conn.
433 ; *Baxley* v. *Linah*, 16 Pa. St. 241 ; *Child* v. *Eureka Powder
Works*, 45 N. H. 547 ; *North Bank* v. *Brown*, 50 Me. 214.

The judgment in New York is therefore a bar to this action.
1 Chit. Pl. 198 ; *McGilvray* v. *Avery, supra*, and other cases.


The opinion of the court was delivered by

ROYCE, J.    The first question is the exception taken to the
ruling of the court in dismissing the special count.    The action is
debt, and the original declaration contained only the common
counts.    The special count was seasonably filed, and declared
upon a judgment recovered by the plaintiff against the defendant
at a term of the Supreme Court, held at Whitehall in the State
of New York, on the 16th day of February, 1878.

If the cause of action declared upon in the special count was
the same as that declared upon in the original declaration, the
motion to dismiss it should have been overruled.

If it was for another and a different cause of action, the court
was right in sustaining the motion and dismissing the count.    Un-
der the original declaration the plaintiffs' right of recovery was
limited to the causes of action described in the common counts in
assumpsit.    Under the special count, his right of recovery would
depend upon the existence and proof of such a judgment as is
described in it.    Under the original declaration, such common-law
evidence would be required as would warrant a recovery in the
action of general assumpsit.    Under the special count, record
evidence would be required.    So that according to our under-
standing of the legal definition and classification of causes of
action, the cause of action in the original declaration and the
special count are not the same.

It is said in *Dewey* v. *Nicholas*, 44 Vt. 24, that the rule laid
down in *Carpenter* v. *Gookin*, 2 Vt. 495, that an amendment that
changes the form of action, or introduces new counts for a new
cause of action, cannot be granted, has ever since been recognized,
and may now be regarded, as the settled law upon that subject.

The only other exception taken was to the ruling of the court

overruling the demurrer and adjudging the defendant's plea in bar sufficient. The plea alleges that the plaintiffs, on the 16th day of February, 1878, at a special term of the Supreme Court, held at Whitehall in the County of Washington, in the State of New York, recovered judgment against the defendant on account of his not performing the identical promises and agreement in his declaration mentioned; and prays judgment whether the plaintiffs ought to maintain their action against him. The demurrer to the plea is general. The defects complained of in the plea are not to the substance of the plea, but are to matters of form, and do not vitiate it. It is well settled that a judgment rendered in another State, by a court having jurisdiction of the parties and subject-matter, merges the cause of action, and is a bar to the prosecution of a suit in the courts of this State between the same parties upon the same cause of action. The plea in bar we hold was sufficient; and the judgment is affirmed.