## S. BRODEK & CO. *v.* GEORGE HIRSCHFIELD.

### Amendment.

A declaration, containing only the common *indebitatus* counts, counting upon a sale to the defendant, cannot be amended by adding counts upon a contract of guaranty.

ASSUMPSIT. Plea, general issue. Trial by court, March Term, 1883, VEAZEY, J., presiding. Judgment for the plaintiff.

The plaintiff introduced only the depositions of two members of the plaintiff company, and two letters from

the defendant. The letters denied all legal liability, but admitted a moral one. The depositions were substantially alike. It was stated in one:

" On the 10th day of March, 1882, Mr. George Hirschfield was at our store and bought from us a bill of goods. He asked me to charge the goods to his son, M. G. Hirschfield, and send them to him at Sturgis in the State of Michigan. I refused to do this. Then Mr. Hirschfield said, 'If you wish it, I will give you my guaranty.' I told him that was the only way I would sell the goods. I then reckoned up the amount of the goods selected by Mr. H., and Mr. H. directed to my partner a guaranty."

The writing signed by the defendant was as follows:

" The undersigned do hereby agree in consideration of one dollar to guarantee the bill bought by M. G. Hirschfield of Sturgis, Michigan, from the firm of Brodek & Co., dated April the 1st, sixty days, less 5 per cent, to the amount of one hundred and twenty-three 50-100 dollars."

The deposition further stated: " I then, at George Hirschfield's request, charged the goods to his son."

*J. C. Baker* and *C. L. Howe*, for the defendant.

The plaintiff could not recover on the original declaration. *Curtis* v. *Smith*, 48 Vt. 116 ; *Myrick* v. *Slason*, 19 Vt. 121 ; *Hemenway* v. *Smith*, 28 Vt. 701. The common counts are not sufficient to recover upon a collateral undertaking. *Johnson* v. *Clark*, 5 Blackf. 567 ; 1 Chit. Pl. (16 Am. ed.) 357.

This statute does not enlarge the power of the court to bring a new suit under the name of an amendment ; or to introduce a new cause of action. *Austin* v. *Burlington*, 34 Vt. 506 ; *Hill* v. *Smith*, 34 Vt. 535 ; *Carpenter* v. *Gookin*, 2 Vt. 495 ; *Dana* v. *McClure*, 39 Vt. 197. See Chit. Con.; De Col. Guar. 1 ; *Smith* v. *Tell*, 3 Vt. 290 ; *Train* v. *Jones*, 11 Vt. 444.

*F. G. Swinington*, for the plaintiff.

The cause of action is the debt or price of said bill of goods which the plaintiffs are seeking to enforce.

The additional counts in special assumpsit show that the defendant entered into an absolute undertaking to pay said debt or the same price for these very same goods in case of his son's default. The son was in default, and the defendant became liable to pay for these goods. It was the payment of these goods which the plaintiffs sought to recover in the original declaration.

Therefore, the cause of action being to recover the same debt or contract price for the same bill of goods in the amended declaration, as in the original, no new cause of action is introduced by the amended declaration. R. L. s. 907; *Trescott* v. *Baker,* 29 Vt. 463; *Haskins* v. *Ferris,* 23 Vt. 673; *Boyd* v. *Bartlett,* 36 Vt. 9; *Stephens* v. *Thompson,* 28 Vt. 80; *Lippett* v. *Kelley,* 46 Vt. 524; *Dana* v. *McClure,* 39 Vt. 197; *Kimball* v. *Ladd,* 42 Vt. 747; *Bowman* v. *Stowell,* 21 Vt. 313; *Bates* v. *Cilley,* 47 Vt. 1; *Waterman* v. *C. & R. R. R. Co.* 30 Vt. 614; *Carter* v. *Hosford,* 48 Vt. 433; *Peck* v. *Barney,* 13 Vt. 93; Fell Guar. 131.

The opinion of the court was delivered by

ROYCE, CH. J. The first exception taken was to the ruling of the court below allowing the amended counts, which are made a part of the exceptions to be filed.

The original declaration contained the common *indebitatus* counts; and the only claim made by the plaintiffs was for goods sold. To warrant a recovery under that declaration, it was incumbent upon the plaintiffs to show that the goods were sold to the defendant. *Curtis* v. *Smith,* 48 Vt. 116. They could not recover upon proof that the defendant guaranteed the payment for the goods. The new counts which the plaintiffs were permitted to file, declared upon a contract by which the defendant, for a consideration named, guaranteed the payment of a bill of goods, which is the same bill of goods sought to be recovered for, and described in said contract as having been sold to M. G. Hirschfield.

The original declaration counted upon a sale made to the

defendant; the amended counts, upon a contract of guaranty. Were the amended counts for the same cause of action as that originally declared upon? It is evident to us that they were not. Under the original declaration a recovery might be had upon proof of a sale; under the new counts a recovery could only be had upon proof of the execution of the contract of guaranty; and then not because of a sale of the goods to the defendant, but by virtue of the contract executed by him.

The court has always been liberal in the matter of allowing amendments; but since the case of *Carpenter* v. *Gookin*, 2 Vt. 495, has refused to allow amendments to be made which changed the cause of action, or new counts to be filed which stated a new cause of action; and the purpose and intention of the plaintiff in instituting the suit have never been allowed to control or influence the court in allowing or refusing amendments. *Dewey* v. *Nicholas*, 44 Vt. 24.

It was error to allow the new counts to be filed, and to admit evidence to show a cause of action under them. Reference is made to all the evidence that was put in on the trial which is applicable to the new counts. The plaintiffs evidently acted upon the belief that a recovery might be had upon the new counts, and so may have omitted to put in evidence to prove the original declaration. The judgment is reversed, and if the plaintiffs desire, the cause will be remanded.